Marcus Medina v. The State.

No. 2071. Decided May 8, 1901.

1.—Dying Declarations—Bill of Exceptions.

A bill of exceptions to the admission of dying declarations, to be sufficient, must set forth the entire declaration, so that the connection of the portions objected to may be fully seen.

2.—Same.

A dying declaration is admissible to show all the facts immediately connected with the homicide to which a witness, if present in court, could testify; and this embraces not only facts going to establish the venue of the prosecution, but also the facts going to identify the locus of the homicide by its surroundings.

3.—Same.

It is competent in a dying declaration, as part of the res gestae of the homicide, for the declarant to state, as the immediate cause therefor, that he came up to defendant and others while they were skinning a stolen beef; and that when defendant assaulted him with a gun he told him, if he would not kill him, he would say nothing about it; to which defendant replied, "No; you are always finding us doing this kind of thing, and I will kill you," whereupon he immediately shot him.

Appeal from the District Court of El Paso. Tried below before Hon. A. M. Walthall.

Appeal from a conviction of murder in the second degree; penalty, seventy-five years imprisonment in the penitentiary.

The indictment charged appellant with the murder of Jose Alvarez, on the 22d day of August, 1900, by shooting him with a pistol and a gun.

The case is sufficiently stated in the opinion.

*A. G. Wilcox,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of murder in the second degree, and his punishment assessed at seventy-five years confinement in the State penitentiary; hence this appeal.

The first two bills of exception propose to call in question the action of the court in admitting, as part of the dying declaration, certain statements of the deceased in regard to the location of certain wire fences and brickyards as being near the scene of the homicide. An examination of these bills show they are not sufficient to raise the question as to whether or not said testimony was admissible as part of deceased's dying declaration for the reason that the bills do not set out the entire dying declaration so that the connection in which said testimony occurs may be seen. Edens v. State, 41 Texas Crim. Rep., 522. But concede the bills are sufficient, was it proper to admit the evidence complained of as a part of the declaration? We understand the rule to be that dying declarations relate only to the res gestae of the homicide; that is, the statements must be confined to what actually transpired at the

place of the killing,—i. e., who were the actors, where it occurred, the position of persons, what was said by the parties, the instrument used, and how the homicide was committed. A dying declaration is admissible to show all the facts immediately connected with the homicide to which a witness, were he present, could testify. This would exclude narratives of past transactions and opinions or mere conclusions of the declarant. See Roberts v. State, 5 Texas Crim. App., 141; Warren v. State, 9 Texas Crim. App., 619, 35 Am. Rep., 745; 1 Greenl. on Ev., sec. 159; Boyle v. State (Ind.), 5 N. E. Rep., 203; People v. Abbott (Cal.), 4 Pac. Rep., 769. And see note to State v. Johnson (S. C.), 9 Crim. Law Mag., 461; same case, 1 S. E. Rep., 510. Now, it appears, if we look to the statement of facts, the declarant stated substantially: That he rode to where appellant and three other persons were skinning a beef. That appellant immediately assaulted him with a gun, and deceased said to him, "Don't kill me, and I will say nothing about this;" and appellant said, "No, cabron; you are always finding us doing this kind of thing, and I will kill you here." Appellant then fired on him. His horse ran a short distance, when he fell off, and crawled in some bushes. That about that time a third one of the party came out, and fired in the bushes where he lay. That the parties then got on their horses, lifted some meat on their wagon, and pulled out. They left him there, and he crawled through the bosque, and got lost, and when daylight came he was in the same place that he started from. That there were some wire fences and brickyards there. Now, the objection is to that portion of the testimony relating to the wire fences and brickyards. This was stated by the declarant as the place where he was shot, and was used, in connection with other testimony, to identify the place as being in El Paso County,—that is, evidence of venue. This related directly to the res gestae of the homicide as identifying the place by its surroundings. It would have been perfectly competent for the witness, had he been before the jury, to have stated these facts. Furthermore, even conceding that the evidence admitted was not part of the res gestae, still we fail to see how it could possibly work any injury to appellant. It was only used, as we take it, in connection with other testimony, to identify the place where the homicide occurred, and thus to aid in establishing the venue of the offense in El Paso County; and the venue was abundantly established by other testimony, and was not a controverted issue in the case.

The third bill of exceptions also refers to a part of deceased's dying declaration, but is equally as defective as are the first two bills, in that it fails to set out the full declaration. The ground of objection urged to the testimony is not a certificate by the judge that the facts were true. The bill shows that the district attorney asked the witness Bryant (who was proving up the dying declaration) the following question: "Did Jose Alvarez [deceased] say anything about what defendant was doing at the time he shot him?" to which witness answered, "He said they were skinning or killing a beef." This was objected to by appel-

lant on the ground that it related to another and different fact, and was no part of the act of shooting of said Alvarez by defendant. In our opinion, it was intimately involved in the act of shooting. It was a part of the res gestae of the homicide, and showed the immediate cause therefor; that is, it showed that just before the shooting deceased came upon appellant and others, who were skinning a beef, which they had evidently stolen from him or some one else; and on this account appellant shot him. This was a part of the res gestae of the transaction, and, if deceased had been present, he could have testified thereto. We have carefully examined the record, and, in our opinion, the evidence amply supports the verdict, and the judgment is affirmed.

*Affirmed.*

[Note.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]