ALEX HILL v. THE STATE.

No. 5920.    Decided November 24, 1920.

1.—Murder—Dying Declarations—Predicate—Bill of Exceptions.

A bill of exceptions will be held insufficient when taken to supposed error in admitting evidence of a dying declaration without laying the proper predicate, and to be sufficient it must contain and state that it does contain all the predicate laid upon which the declaration was admitted, and must further also set out the declaration. Following Hysmith v. State, 41 Texas Crim. Rep., 37, and other cases; besides, the predicate laid is sufficient to introduce the dying declarations.

2.—Same—Rehearing—Dying Declarations—Other Statements—Rule Stated.

The general rule with reference to dying declarations is that such statements are admissible only where the death of the declarant is the subject of the charge, and the circumstances of the death the subject of the dying declaration; and, where additional statements not relied upon by the State as to former troubles and difficulties between the parties were introduced, the same is reversible error.

3.—Same—Intent to Kill—Insufficiency of the Evidence.

Where, upon trial of murder, the evidence was insufficient to show a purpose to kill on the part of the defendant, the conviction could not be sustained.

Appeal from the District Court of Camp. Tried below before the Honorable J. A. Ward.

Appeal from a conviction of murder; penalty, thirty-five years imprisonment in the penitentiary.

The opinion states the case. .

*Roy Patterson, J. A. Guest, I. A. Whitus,* and *C. G. Engledow,* for appellant.—On question of insufficiency of the evidence: Honeywell v. State, 49 S. W. Rep., 586; Grant v. State, 120 id., 481; Carr v. State, 190 id., 727.

On question of dying declarations: Warren v. State, 9 Texas Crim. App., 629; Wakefield v. State, 50 Texas Crim. Rep., 125; Hinton v. State, 144 S. W. Rep., 617; Sorrell v. State, 169 id., 299.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of dying declarations: Francis v. State, 170 S. W. Rep., 782; Highsmith v. State, 50 id., 722.

DAVIDSON, Presiding Judge.—Appellant was convicted of the murder of his wife under an indictment which charged him with murder by kicking, stamping and beating her.

The State's case by the evidence supports the charging part of the indictment, to the extent at least of showing that he did whip, beat and kick his wife, and from this treatment she later died. The physician who attended her shows it was within a few days after this treatment she died and that the bruises produced internal injuries of such a nature that peritonitis set in and produced her death. There seems to be no doubt from the testimony that this occurred as detailed by the witnesses.

There is a bill of exceptions reserved to the ruling of the court admitting the dying declaration of the wife. The exception to the admission of this dying declaration is confined to statements of the justice of the peace who took the statement. In his testimony he says the witness did not at any time state that she expected to die, but that she did state that she did not expect to recover or get well. This statement was taken about two days before her death. The bill of exceptions is deficient in failing to show that the statement set out in the bill did constitute all the predicate upon which the court admitted the testimony. A bill of exceptions will be held insufficient when taken to supposed error in admitting evidence of a dying declaration without laying the proper predicate, and to be sufficient it must contain and state that it does contain all the predicate laid upon which the declaration was admitted, and must further also set out the declaration. Highsmith v. State, 41 Texas Crim. Rep., 37; Edens v. State, 41 Texas Crim. Rep., 523; Hopkins v. State, 53 S. W. Rep., 621; Gutirrez v. State, 59 S. W. Rep., 274; Medina v. State, 43 Texas Crim. Rep., 53; Francis v. State, 75 Texas Crim. Rep., 362, 170 S. W. Rep., 782. While there might have been some doubt if the statement of the justice of the peace constituted the entire

predicate, the record shows, especially through the testimony of Dr. Mitchell, that he was called to see the woman in a professional way, and found her in a serious condition, and informed her of the fact that she could not live but two or three days. This was Sunday evening about two o'clock. This witness goes into detail of what he told the wife and matters occurring between them at the time of this professional call, and that her husband, the defendant, was present and sufficiently close to hear what occurred between him and defendant's wife. In order that there may be no mistake that her husband understood this we quote from Dr. Mitchell's testimony further: "I asked her husband if he had any statement to make in regard to this thing and if he had it would be a good time owing to the fact she was going to die. She was lying on the bed. I said to him if there is anything you want to tell me it would be a good idea to do it for she is going to die." He says he talked loud enough for the wife to hear. Testifying further he says: "I questioned her very closely; asked her how come the knot in her side. She said her husband kicked her. I asked her if he kicked her anywhere else. She said in the head. I asked her husband about it. He refused to talk. I told him, 'if you are guilty of this it would be a wise idea to tell me. She is going to die, and if she does die it will go pretty hard with you.'" In another place he informed appellant they might hang him or send him to the penitentiary.

Taking all this testimony together, we are of opinion that the predicate is sufficient to introduce the dying declaration, if it was necessary to decide the question, but in view of the fact that the bill of exceptions fails to state or recite that the predicate set out in the bill of exceptions was the entire predicate, we think the bill is deficient. This seems to be the main proposition relied upon for reversal, and we are of opinion it is not sufficient.

The case is before us without being briefed by appellant, and we have reviewed the case in the absence of oral argument or brief for appellant.

The judgment will be affirmed.

*Affirmed.*

## ON REHEARING.

### November 24, 1920.

DAVIDSON, PRESIDING JUDGE.—Appellant asks the court to review its former rulings affirming the judgment, first. because the dying declarations should not have been admitted, and, second, the evidence is not sufficient to show a specific intent to kill.

It was noticed in the opinion affirming that the case had not been briefed by appellant. The motion for rehearing, however, fully presents appellant's side of the case.

The dying declaration contained some things which were not authorized to be admitted as dying declarations. The dying declaration contains statements of former troubles and difficulties between appellant and the wife, in addition to that relied upon by the State as a basis for this conviction. She makes the statement in the dying declaration that she had been whipped and beaten by defendant on other occasions, and it tended to show a general trend of mistreatment and assaults upon her. Under the authorities this testimony was not admissible. See Branch's Crim. Law, Sec. 487. The general rule with reference to dying declarations is tersely stated, that such statements are admissible only where the death of the declarant is the subject of the charge, and the circumstances of the death the subject of the dying declaration. A great number of cases are cited by Mr. Branch in support of this proposition. It is also stated concretely as a correct legal proposition that dying declarations are confined to the immediate facts of the homicide, and it is error to admit as part of the dying declaration statements of declarant as to what occurred on former occasions. Mr. Branch cites a number of cases in support of this proposition. It is also stated that the statements by deceased of a distinct fact not connected with the circumstances of the death, or the immediate cause of it, are not admissible as a dying declaration, though competent and legal evidence if proved by any other competent witness. Quite a number of cases are cited by Mr. Branch in support of this proposition. The attending physician testified that he examined deceased and found no external bruises, but that deceased died from peritonitis, which he indicates could have been produced by various causes as well as by a kick in the side. The beating of the wife seems to have occurred about the 15th of February, and she died about the 7th of March. The doctor visited her a short time prior to her death, and the dying declaration was made about the same time to a justice of the peace who called on her to obtain such statement. The justice of the peace asked her a number of questions which she answered, and her answers were taken down and perpetuated by him in this statement. The testimony for the State is not clear as to appellant's intention to kill at the time he inflicted the beating. The only witness who testified concerning the beating was defendant's brother. His testimony excludes the idea that appellant intended to kill his wife, but gave her a very severe beating because she did not get up and open the door when he knocked at it after midnight. This seems to be the beating relied upon by the State as bringing about her death. Taking the case as it is presented, we are of opinion that much of the dying declaration was not admissible and should not have gone to the jury. We also express doubt as to the sufficiency of the evidence to show a purpose to kill. Under Article 1147 P. C. death would not be imputed to appellant under the circumstances of this case unless a specific intent to kill manifestly appeared at the time that he beat his wife, or it

was the necessary consequence of the weapon used or means employed. There was no weapon used, and the utmost the State claimed by the dying declaration was that he kicked her in the side.

We are of opinion that the motion for rehearing should be granted, the affirmance set aside, and the judgment reversed and the cause remanded.

*Reversed and remanded.*