## Ben Quinn v. The State.

No. 9464. Delivered November 11, 1925.

Rehearing denied February 10, 1926.

**1.—Manslaughter—Declarations of Deceased—Bill of Exceptions—Incomplete—No Error Shown.**

Where, on a trial for manslaughter, appellant complains of the admission of testimony of two witnesses, of declarations made by the deceased, which were admitted as res gestae, and dying declarations, and his bills of exceptions do not set out a sufficient statement of the surrounding facts or circumstances of the reception of such testimony to enable us to intelligently say whether or not such declarations were res gestae and dying declarations, we will presume that such testimony was properly admitted. Following Edens v. State, 41 Tex. Crim. Rep. 523 and other authorities.

**2.—Same—Requested Charges—Rule Stated.**

Where appellant presents by bill of exceptions complaint of the refusal of the trial court to give certain special charges requested, and such bills do not show that such special charges were presented to the court, or his attention called to same before the main charge was read to the jury, we cannot and will not consider such bills. This is the long-established rule of procedure in this state. Following Crouchett v. State, 271 S. W. 99 and authorities there cited, and cases cited in opinion on rehearing.

ON REHEARING.

**3.—Same—Declarations of Deceased—Res Gestae—Properly Received.**

Appellant urges on rehearing that we were in error in holding that no error was presented in the admission in evidence of the statements of deceased, made to the witnesses Wash and Jim McGrew. We cannot agree with him. These declarations were res gestae and properly admitted, and appellant's motion for rehearing is overruled.

Appeal from the District Court of Montague County. Tried below before the Hon. Vincent Stine, Judge.

Appeal from a conviction of manslaughter, penalty two years in the penitentiary.

The opinion states the case.

*J. S. Jameson* of Montague, and *Chas. L. Black* of Austin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, Judge.—The appellant was convicted in the District Court of Montague County for the offense of manslaughter and his punishment assessed at two years' confinement in the penitentiary.

The facts briefly stated show that the appellant and deceased were brothers-in-law and on the night of the difficulty deceased went to the home of his father- and mother-in-law where appellant also resided for the purpose of inquiring of appellant as to some reports that had been circulated concerning him and where the record discloses that appellant and deceased became involved in a violent quarrel and appellant contends that deceased after using very opprobrious epithets toward himself, father and mother, and refused to leave the premises but went into the room where his father and mother were and continued his abusive language and epithets, and upon being requested again by him, appellant, to leave said premises and being informed unless he did so that he, appellant, would kill him, that he left the room and started out into the yard and returned as if to come back in the house with a drawn knife when appellant shot him and he went off. It was the contention of the state, ient statement of the facts as a basis for this opinion. The ap as shown by the record, that the appellant shot the decased not in self-defense or from any adequate cause. This is a sufficient statement of the facts as a basis for this opinion. The appellant has not favored this court with a brief but we find four bills of exceptions in the record.

Bills of exceptions one and two complain of the action of the court in permitting the witnesses Wash McGrew and Jim McGrew to testify to a conversation had with the deceased within a very few minutes after the shooting occurred when the deceased was up to the house of Wash McGrew bleeding, and requested him to call for a doctor and to carry him home and in said conversation stated that he was shot by appellant and related to said witness Jim McGrew how the trouble came about. Bill of exception No. 1 the court qualifies by stating that it was admitted on the ground of res gestae and as to the facts set out in said bill "the court stated the above facts were also admitted and undisputed." Bill of exceptions No. 2 the court qualifies by stating that the evidence complained of therein was admitted as res gestae and as a dying declaration. Both of said bills are insufficient in that they do not set out a sufficient statement of the facts to show this court any alleged error in the admission thereof and do not state that same were all the facts pertaining to the matters inquired about and in fact fail as pre-

sented to show any error in the ruling of the court thereon and in this condition we must presume under the law that the court rightfully admitted said testimony. Branch, in his P. C. Sec. 1864, states: "That a bill of exception taken to the supposed error in admitting proof of a dying declaration without laying the proper predicate to be sufficient must contain, and state it contains, all the predicate laid upon which the declaration was admitted, and must also set out the declaration, citing Edens v. State, 41 Tex. Crim. Rep. 523, 55 S. W. 815 and other authorities."

This court has repeatedly held that bills of exception must be complete within themselves and show the error complained of before this court will consider same. Hubbard v. State, 251 S. W. 1054; Cavanar v. State, 269 S. W. 1063.

In bills of exceptions Nos. 3 and 4, complaint is made to the refusal of the court to submit appellant's special charges to the jury as to abandonment of the difficulty and the belief of appellant that if the deceased had entered the room of his parents for the purpose of injuring them that he had a right to arm himself and to the effect that it is unlawful for any person to use vulgar or indecent language or swearing or cursing near a private residence and if the deceased went into or near the private residence of the appellant or his father and mother and created a disturbance, the appellant had a right to eject him from said premises, and had a right to arm himself for said purpose. There are no objections filed to the court's general charge and said special charge as above mentioned nor the bills of exceptions embracing same show that they were presented to the court or his attention was called to same and that he was requested to give same to the jury before the court read his general charge to the jury. In fact, the record is silent as to what time said charges were presented to the court except the bill stated it was upon the trial of said cause. This court has repeatedly held that under such circumstances we cannot and will not consider such charges. Crouchett v. State, 271 S. W. 99, and the authorities therein cited.

After a careful examination of this record, we are forced to the conclusion that there is no error shown in the trial of this case and the judgment of the trial court should be affirmed and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion appellant again urges the points relied on in original submission. They were considered and we think properly disposed of in our former opinion. The statements of deceased made to Wash McGrew and Jim McGrew were properly admitted in evidence as res gestae declarations.

As to the incompleteness of the bills complaining of the refusal of special charges, in addition to Crouchette v. State, Tex. Crim. Rep. 271 S. W. 99, we refer to Denton v. State, 76 Tex. Crim. Rep. 58, 172 S. W. 796; Maddox v. State, 76 Tex. Crim. Rep. 217, 173 S. W. 1026; Jones v. State, 74 Tex. Crim. Rep. 205, 167 S. W. 1110; Medford v. State, 86 Tex. Crim. Rep. 237; 216 S. W. 175; Lowe v. State, 88 Tex. Crim. Rep. 316; 226 S. W. 674; Jones v. State, 89 Tex. Crim. Rep. 577, 232 S. W. 847; Middleton v. State, 86 Tex. Crim. Rep. 307, 217 S. W. 1046.

The motion for rehearing is overruled.

*Overruled.*