JAMES ELLIOTT V. THE STATE.

No. 12092.   Delivered March 13, 1929.

The opinion states the case.

*V. H. McClintock,* of Paducah, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being assessed at sixty-five years in the penitentiary.

Witness Bigham lived about a mile west of the town of Paducah in Cottle County. On the night of the killing witness heard three shots immediately followed by "hollering." Witness found deceased wounded and apparently attempting to reach witness' house. Deceased told witness a white man and a negro who worked at the compress had shot him. A dying declaration of deceased was put in evidence by the state in which deceased said a white man whose name he did not know, but who was the man Mr. Payne (an officer) had arrested and placed in jail for being in bed with a negro woman, and a negro called "Compress Shorty" who had on a previous occasion run deceased with a knife, had forced deceased into a car at the point of a pistol, brought him to the place and shot him. The white man described by deceased was identified by other evidence as F. R. Hale, and the negro known as "Compress Shorty" was identified by other evidence as James Elliott (this appellant), who was alone upon trial. He denied the killing or any participation therein,

denied that he knew Hale or had ever been with him on the night of the homicide or at any other time, and interposed an alibi as his defense.

Bill of exception number one brings forward complaint at the action of the court in admitting in evidence a dying declaration, the ground of objection being that no proper predicate was laid for its introduction. The bill sets out the testimony of one witness bearing on the predicate but it is not certified in the bill that it contains all the evidence upon that issue. In Hill v. State, 88 Tex. Cr. R. 179, 225 S. W. 521, Judge Davidson, speaking for the court, said:

"A bill of exceptions will be held insufficient when taken to supposed error in admitting evidence of a dying declaration without laying the proper predicate, and to be sufficient it must contain and state that it does contain all the predicate laid upon which the declaration was admitted, and must further also set out the declaration. Highsmith v. State, 41 Texas Crim. Rep. 37; Edens v. State, 41 Texas Crim. Rep. 523; Hopkins v. State, 53 S. W. Rep. 621; Gutirrez v. State, 59 S. W. Rep. 274; Medina v. State, 43 Texas Crim. Rep. 53; Francis v. State, 75 Texas Crim. Rep. 362, 170 S. W. Rep. 782."

Later cases are Kenamer v. State, 93 Tex. Cr. R. 430, 247 S. W. 560; Quinn v. State, 103 Tex. Cr. R. 179, 279 S. W. 458. Other authorities are collated in Branch's Ann. Tex. P. C., Sec. 1864. Under the authorities we must hold the bill insufficient to manifest error. If there should be a question as to the sufficiency of the predicate to admit the dying declaration upon another trial it should be submitted to the jury under appropriate instructions.

It is recited in another bill (number two) that J. M. (Bud) Barron testified that some thirty minutes after the shooting Mackey told witness that a white man and a negro got him in a one seated Ford car and carried him out there and shot him; that he (Mackey) said he did not know the white man but described him as the one Mr. Payne (an officer) locked up when he found the man in a negro woman's bed; that Mackey also said he did not know the negro's name only that they called him "Compress Shorty," the one who had run at him with a knife before that. Appellant objected to the foregoing evidence, the ground of objection being that it was not shown to be res gestae; because, (first) considerable time had elapsed since the shooting; (second) deceased had prior thereto talked to several other persons; (third) deceased had had medical attention, and (fourth) it was not spontaneous and was made in

answer to interrogatories by the witness. The second, third and fourth reasons appear in the bill as grounds of objection only unsupported by certificate that the facts were true which formed the basis of such objections. Bills in this form are incomplete. (For authorities see Branch's Ann. Tex. P. C., Sec. 209, and note 23, Art. 667, Vernon's Ann. C. C. P., Vol. 2.) The only tangible thing left in the bill is the complaint that the statement was made thirty minutes after the shooting. This within itself furnishes the court no sufficient data to hold the statement inadmissible. Lapse of time alone is not the controlling question. Whether a given statement is admissible varies with each particular case. McGee v. State, 31 Tex. Cr. R. 74, 19 S. W. 764; Bronson v. State, 59 Tex. Cr. R. 17, 127 S. W. 177. (For other authorities see Branch's Ann. Tex. P. C., Section 83.) In the absence of a recital in the bill of facts sufficient to show the ruling of the court to have been erroneous we must presume it to have been proper. We are not to be understood as holding that the statement made by deceased to Barron was admissible as res gestae; we simply hold that the bill furnishes no sufficient data upon which we can say the statement was inadmissible.

We see no impropriety in admitting the evidence of the witness Beltz, complained of in bill number five, that on the evening of the killing Hale was driving a car belonging to witness. It was shown that this car was equipped with "high pressure" tires on the front wheels and "balloon" tires on the rear wheels, and the imprint of the automobile casings at the place of the homicide showed the car used by the perpetrators of the crime was similarly equipped.

The negro killed was commonly known as "Broom." The indictment alleged his name to be "Joe Mackey." In some places in the statement of facts he is referred to as Joe Mack or Joe Maxey, in other places as Joe Mackey. The district attorney testified that deceased told him his name was Joe Mackey. Appellant complains of the refusal of a requested charge instructing the jury that they could not convict unless they found from the evidence beyond a reasonable doubt that the person killed was named Joe Mackey. If another trial under the same indictment is had and the evidence should raise an issue as to whether Joe Mackey was the name of deceased, it should be submitted in some appropriate instruction.

Bills of exception numbers three, four and six may be considered together. They relate to the movements and appearance of Hale after the shooting and the efforts of the officers to apprehend him.

The only construction to be placed on the evidence related in bills three and four is that it indicated Hale was trying at the time to evade arrest; the effect of the incidents described in bill six was that Hale appeared to be nervous and excited when seen by a witness after the shooting. All this evidence was objected to on the ground that the acts and conduct of Hale as reflected by these bills occurred after the commission of the crime and in the absence of appellant. From the qualification to each of said bills the court seems to have admitted the evidence on the theory that the state's testimony showed that Hale and appellant had entered into a conspiracy to kill Mackey and acted together in the commission of the crime. Conceding this to be true the question yet remains whether evidence of Hale's acts and appearance after the killing was admissible against appellant.

"The general rule is that proof of acts or declarations of a co-conspirator done or made in the absence of the defendant on trial after the commission of the offense and after the conspiracy is complete by the abandonment or termination of the enterprise is not admissible against such defendant."

Section 695, Branch's Ann. Tex. P. C., and authorities cited. To this general rule there are some exceptions such as showing the co-conspirator to have been in possession of the fruits of the crime or the weapon or instrument with which it was committed. Ford v. State, 9 S. W. (2d) 344; Roquemore v. State, 50 Tex. Cr. R. 545, 99 S. W. 547. But no application of exception to the general rule is discovered in the present case. If in appellant's absence Hale had confessed to complicity in the commission of the crime it would not have been provable against appellant. For the same reason proof of his acts after the crime was committed showing flight or avoidance of arrest from which guilt might be inferred was not admissible against appellant. In Landers v. State, 63 S. W. 557, it appears that Bodenhammer and Landers were indicted for theft of cattle. Upon the trial of Landers the acts of Bodenhammer subsequent to the theft were admitted in evidence. We quote from the opinion in that case:

"Nor can the flight of Bodenhammer be used as evidence against appellant. If, in fact, Bodenhammer and appellant had stolen the calf together, the flight of Bodenhammer subsequent to the consummation of the conspiracy was not evidence against appellant. See Davis v. State, 9 Tex. App. 363; Marwilsky v. State, Id. 388; Price v. State (Tex. Cr. App.), 40 S. W. 596."

See also Lara v. State, 161 S. W. 99; McKenzie v. State, 32 Tex. Cr. R. 568; Jump v. State, 27 Tex. Cr. R. 459. The authorities referred to make it clear that the court fell into error in admitting the evidence complained of in bills of exception three, four and six. Under the facts of the present case we can not say the error was harmless. Appellant denied any participation in the killing of Mackey and relied upon an alibi for his defense. The state's evidence having indicated that appellant and Hale were acting together in the commission of the crime the evidence as to the conduct of Hale subsequent to the crime from which guilt on Hale's part might be inferred would very naturally be used by the jury also against appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*