WALTER RAWLS V. THE STATE.

No. 16753. Delivered October 24, 1934.
Rehearing Denied December 12, 1934.
Reported in 76 S. W. (2d) 1053.

The opinion states the case.

*Richardson & Lanier,* of Jasper, for appellant.

*Hollis Kinard,* Dist. Atty., of Orange, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for three years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Walter S. May by shooting him with a gun.

The proof on the part of the State was to the effect that on the morning of April 3rd, 1933, deceased was returning from the home of his nephew when appellant shot him. Deceased fell back in his wagon and his team ran away, carrying him to the home of Will Lewis. Lewis carried him to a hospital where he died. Deceased was unarmed at the time he was shot, and, according to the State's testimony, made no demonstration toward appellant. Fred Speights, who was in the wagon with deceased, testified that he heard a shot and, upon looking up, observed appellant with a shotgun in his hand, standing at the corner of a barn. Speight's testimony supported the theory of the State that deceased was making no demonstration at the time he was shot. The State's theory was also supported by the dying declaration of deceased to the effect that appellant was hiding behind a barn when he fired the fatal shot.

Testifying in his own behalf, appellant admitted that he shot deceased, but denied that he was lying in wait for deceased. He testified that he had been hunting for dogs that had been running his sheep and that at the time deceased approached he' (appellant) had started home. He testified further that deceased reached back in the wagon with his left hand, and that believing deceased was going to shoot him, he raised his gun and fired. Again, he testified that two years prior to the homicide he and deceased had engaged in a difficulty in the city of Jasper. Appellant and other witnesses testified to communicated threats on the part of deceased to kill appellant.

Bill of exception No. 1 relates to appellant's objections to the introduction in evidence of the dying declaration of deceased. The bill fails to comply with the rule requiring that it be stated in the bill that it contains all the predicate laid upon which the declaration was admitted. Downing v. State, 20 S. W. (2d) 202. If the bill be considered in connection with the statement of facts the opinion is expressed that a proper predicate was laid for the introduction of the declaration. The attending physician testified that deceased was partially paralyzed as the result of the entry of a bullet into the brain. The district attorney asked deceased if he realized that he was going to die, and deceased made no reply. The physician then suggested to the district attorney in the presence of deceased that he ask deceased if he thought he was going to get well. This being done, deceased replied that he believed he was going to

die. Deceased also stated that he was feeling "pretty bad." The predicate further showed that deceased was of sound mind at the time he made the declaration; that he dictated the statement taken by the district attorney; that no one suggested to him what he ought to say; that after the statement was written down no one suggested any corrections; that there was no persuasion on the part of anybody; that deceased would at times hesitate and the district attorney would then ask him a question. Deceased died from the effects of the wound about ten days after he made the declaration.

It is no objection to a dying declaration, otherwise admissible, that it was made in answer to questions, if the interrogatories were not calculated to lead the deceased to make any particular statement. Stroud v. State, 46 S. W. (2d) 689. There is no evidence in the record that any answer was suggested to deceased. The evidence clearly shows that deceased was sane, and that the declaration was voluntarily made.

Appellant contends that the predicate fails to show that deceased was conscious of approaching death and believed there was no hope of recovery. It is not essential that the declarant shall state in specific terms that he is conscious of impending death. It is enough if it satisfactorily appears, in any mode, that the declarations were under that sanction, whether it be proved by the express language of the declarant, or be inferred from his evident danger, or the opinion of the medical or other attendants stated to him, or from his conduct or other circumstances of the case, all of which are resorted to in order to ascertain the state of the declarant's mind. Stroud v. State, 46 S. W. (2d) 689; Downing v. State, 20 S. W. (2d) 202. Under the rule mentioned, we deem the predicate sufficient.

Appellant contends that the declaration was not properly identified before it was introduced in evidence. We are unable to agree with appellant. The attending physician identified his signature on the statement presented to him, saying that he and others had signed it. The county attorney testified that he signed the statement with Dr. Ogden, the attending physician, and A. C. Ard. It appears that deceased was unable to sign the statement because of the fact that he was partially paralyzed. However, after it was read over to him he stated that it was correct. The statement introduced in evidence shows to have been signed by the district attorney, the county attorney, A. C. Ard and the attending physician, G. R. Ogden.

Appellant contends that inasmuch as the declaration shows "Walter Raws" shot the deceased and not "Walter Rawls," the

appellant, it should not have been received in evidence, as the name "Raws" and "Rawls" are not idem sonans. In the first part of the statement it is recited that Walter "Raws" shot declarant. Following this it is stated that Walter Rawls was standing behind the barn at the time he shot the declarant. The statement in its entirety discloses that Walter Rawls, the appellant, was deceased's assailant. We are unable to reach the conclusion that there is merit in appellant's contention.

It appears from bill of exception No. 2 that appellant offered to prove by the witness Ross that he (the witness) was riding in an automobile with some other boys when deceased approached with a gun and stopped them. Appellant was not in the car at the time of this occurrence. However, the witness would have testified, if permitted, that the name of Rawls was mentioned, the effect of his testimony being that deceased said he was looking for the Rawls boys. Upon the jury being retired, the witness testified that he did not report the occurrence to appellant prior to the homicide. The bill of exception is qualified with the statement of the trial court to the effect that the State objected on the ground that it was not shown that the occurrence had been reported to appellant. Further, the bill is qualified to show that one Davis testified before the jury that he was present on the occasion in question; that deceased had a gun; that deceased looked in the car and said: "Excuse me; you are the wrong boys," saying that he was looking for the Rawls boys; that he (the witness) reported the matter to appellant the next day and prior to the homicide. The qualification is to the further effect that after it was shown that the incident had been reported to appellant the district attorney stated that there was no objection to the testimony presented in that form. Further, the qualification states that appellant testified that Davis told him of the occurrence. Again, the qualification shows that neither the witness Ross nor Marshall were recalled to testify on the point in question, notwithstanding they were in court and available. It is shown in bill of exception No. 3 that it was agreed at the time the testimony of Ross was rejected that if Marshall were placed on the stand he would give the same testimony. Bill of exception No. 3 is qualified in the same manner as bill No. 2, that is, to the effect that the district attorney finally admitted that the testimony was admissible and defendant did not recall the witnesses to the stand and reoffer their testimony. As qualified, the opinion is expressed that the bills fail to reflect reversible error.

The court gave a charge on communicated threats, at which

no exceptions were leveled. However, appellant presented a requested instruction on the same subject. The requested instruction had coupled therewith "reasonable doubt," whereas the court's charge omitted it. In the requested instruction appellant embraced no exception to the charge as given by the court. The requested instruction was refused. Article 658, C. C. P., in part, reads: "Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection." We quote from Boaz v. State, 231 S. W. 790, as follows: "For the court to hold that the requesting of a special instruction, which the trial court could legitimately consider as a substantial repetition of his main charge, can take the place of an objection which should pertinently point out the matter complained of, would virtually work a repeal of the statute." See also Bell v. State, 268 S. W., 168.

Appellant brings forward two purported by-standers' bills of exception in which complaint is made of the argument of the district attorney. The State moves to strike the bills from the record on the ground that there is no evidence of the refusal of the trial court to sign and approve bills of exception relating to alleged improper argument of the district attorney, save the statement of that fact by the by-standers who authenticated the bills. The motion must be sustained. In Landrum v. State, 40 S. W., 737, this court held that there must be other evidence of the refusal of the trial judge to sign and approve the bill beside the statement of that fact by the by-standers who authenticate the bill. See Williams v. State, 249 S. W., 852.

The last contention made by appellant is that he is entitled to a new trial because of newly discovered evidence. In his motion for a new trial appellant alleged that he had learned since his conviction that Abb Stott, who was janitor in the court house, saw deceased have a difficulty with appellant and his brother on the court house lawn approximately two years prior to the homicide; that deceased had approached the witness and asked him if he had seen the Rawls boys; that he (deceased) intended to kill them; that the witness later saw deceased stop appellant and his brother and attempt to draw a gun on them, but that one of the Rawls boys struck deceased with his fist, causing him to drop the gun, and the sheriff got the gun before deceased could recover it. It is stated, in substance in the motion that this testimony was unknown to appellant prior to his trial as he did not know that the witness

Stott had observed the occurrence; and that the testimony was obtained by appellant and his counsel after the verdict of the jury was returned. Stott's affidavit, which was appended to the motion, was in substantial accord with the allegations of the motion. Upon being called as a witness upon the hearing of the motion, he affirmed the matters set forth in his affidavit. Appellant and his counsel failed to testify on the hearing of the motion. Other than the statement made by appellant in the motion for new trial and the testimony of Stott, there was no showing that counsel for appellant and appellant were not aware of the alleged new testimony before the trial. Under the circumstances, appellant has not shown the exercise of proper diligence. DeLong v. State, 55 S. W. (2d) 107. It might be added that we are of the opinion from an examination of the evidence that the trial court was warranted in concluding that the proposed new testimony would not likely change the result if a new trial were granted. See Branch's Annotated Penal Code, sec. 201; Peters v. State, 155 S. W., 212. It is the rule that to entitle the accused to a new trial on the ground of newly discovered evidence the new testimony must be such as would likely change the result if produced upon another trial. Branch's Annotated Penal Code, sec. 201; Drake v. State, 151 S. W., 317.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant again urges that the dying declaration of May (deceased) was erroneously admitted in evidence, it being appellant's claim that deceased was not shown to have been conscious of approaching death. The disposition of the bill bringing forward such complaint might well have been rested on the omission therefrom of a statement that the bill contained all the predicate upon which the declaration was admitted. See section 1864 Branch's Ann. Tex. P. C., and authorities cited. Later cases are Kennamer v. State, 93 Texas Crim. Rep., 430, 247 S. W., 560; Quinn v. State, 103 Texas Crim. Rep., 179, 279 S. W., 458; Elliott v. State, 111 Texas Crim. Rep., 534, 15 S. W. (2d) 648. However, when we go to the statement of facts and examine the evidence of the wit-

nesses who testified on the subject no doubt arises as to the predicate having been sufficiently laid.

It is further urged that the instrument introduced as the dying declaration was not sufficiently identified as that made by deceased. We note that the evidence shows that Mr. Hollis Kinard, the district attorney, took the statement from deceased and wrote down what he said. Geo. P. Kirkpatrick was county attorney, and was present when the statement was taken. He testified in regard thereto, being questioned by Mr. Kinard: "I signed that statement, yes, sir. You signed it, and Dr. Ogden and A. C. Ard." The statement introduced in evidence is signed by all four of the parties indicated. There appears to be no merit in the contention that the document was not identified.

The record does not bring the case within the rule regarding "newly discovered evidence" where a new trial is sought on such ground. It is recited in the bill of exception that appellant was not aware of the claimed newly discovered evidence and "so far as he (appellant) now knows, the witness Stott had never made any statement of what he saw and heard until after the trial." The witness himself does not state that he had never told any one about what he knew prior to the trial, and there is not found in the record any disclaimer of the attorneys as to previous knowledge of the evidence claimed to be newly discovered. Under section 67, note 7, p. 265, vol. 31, Texas Jurisprudence, will be found many cases cited on the point under consideration. One of the latest cases from this court is Williams v. State, 66 S. W. (2d) 306.

The motion for rehearing is overruled.

*Overruled*