## C. A. CRUM v. THE STATE.

No. 18010. Delivered February 19, 1936.

The opinion states the case.

*Morris A. Galatzan* and *W. Joe Bryan,* both of El Paso, for appellant.

*Roy D. Jackson,* District Attorney, of El Paso, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for twenty years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Shirley Thompson by shooting him with a gun.

Appellant and deceased were co-workers at a cotton mill located in El Paso, Texas, and occupied rooms in the same apartment building. On the afternoon of August 25, 1934, appellant, in company with Mrs. Billie Jordan Reading, met the deceased and the deceased's wife at a place where beer was sold. An altercation ensued and appellant left in an angry mood and went in the direction of his room. Shortly after appellant left, deceased went home. In a few minutes after he reached home appellant shot him. He later died in a hospital.

It is shown in bill of exception No. 1 that the State proved by the wife of the deceased that he stated to her in the hospital that he was going to die, and asked her why appellant shot him. Further he said that appellant did not have any right to shoot him. The bill embraces appellant's objection to the testimony on the ground that a proper predicate had not been laid for its receipt as a dying declaration. The bill of exception embraces no statements showing that the grounds of objection were true. Nor is it shown in the bill that it contains all of the predicate upon which the declaration was admitted. Under the circumstances, error is not reflected. We quote from Hill v. State, 225 S. W., 521, as follows: "A bill of exception will be held insufficient when taken to supposed error in admitting evidence of a dying declaration without laying the proper predicate, and, to be sufficient, it must contain and state that it does contain all the predicate laid upon which the declaration was admitted, and must further also set out the declaration. Highsmith v. State, 41 Texas Crim. Rep., 37 (50 S. W., 723, 51 S. W., 919); Edens v. State, 41 Texas Crim. Rep., 523 (55 S. W., 815); Hopkins v. State, (Texas Cr. App.,) 53 S. W., 621; Gutirrez v. State, (Texas Cr. App.,) 59 S. W., 274; Medina v. State, 43 Texas Crim. Rep., 53 (63 S. W., 331); Francis v. State, 75 Texas Crim. Rep., 362, 170 S. W., 782."

It is recited in bill of exception No. 2 that before the court's

charge was read to the jury appellant requested the court to withdraw from the jury's consideration the dying declaration on the ground that it was not shown in the predicate that deceased was conscious of impending death. Nothing appears in the bill of exception in support of the ground upon which the motion was predicated. Manifestly said bill is insufficient.

Appellant's request for a charge on circumstantial evidence was properly overruled. Not only did deceased state in his dying declaration that appellant shot him, but the record reflects testimony of a witness to the effect that appellant stated to him that he shot deceased.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.