TONY MARTELIANO, WITH ALIASES, v. STATE.

No. 25233. March 28, 1951.

*Raymond E. Ehrlich,* Pharr, for appellant.

*Wade F. Spilman* and *Jack Butler,* Assistants District Attorneys, Edinburg, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, twenty-five years in the penitentiary.

Appellant was a prize fighter by profession, and was for a time the manager of a hotel in Corpus Christi. In such capacity he met deceased, a married woman, and they soon became intimate. Appellant was quite impecunious, while deceased seemed to have been possessed of some funds. Deceased appears to have been one of those pitiful individuals who, though having a good family background, had become addicted to the use of alcohol and narcotics and had lowered herself in respect to her conduct and the character of her associates.

Soon after they started off together, appellant demanded money of deceased and struck her when it was not immediately forthcoming. Upon arriving at Pharr, this couple registered at a tourist court as man and wife. Nothing is shown of their activity until the following Saturday afternoon. It was then that appellant came to the tourist court office and pretended to make inquiry about his "wife," stating that he did not know where she was. He appeared to be highly agitated. He was not seen again until he was apprehended in Ripley, Tennessee, on a Federal warrant for unlawful flight to avoid prosecution.

Deceased was seen several times on the afternoon and night of appellant's departure. The first time she was on a bed in a house near the tourist court. Upon being questioned about her presence, she excused herself by saying that she had come for ice, had gotten faint, and that she would leave soon. The wit-

ness did not observe her closely. Deceased was seen several times that night as she lay motionless on the bed in the tourist cabin which she had occupied with appellant. The light continued to burn all night, and the wife of the tourist court operator became apprehensive and looked through the window to ascertain if she could help deceased. Finally, the next morning, this witness gained admission to the cabin and got deceased away to the hospital. Multiple bruises were then apparent on deceased's body.

While in the hospital and shortly before her death, deceased sent for her sister and told her that she wanted to talk to her, stating that she was going to die. She told her sister of her relations with appellant, that she had been beaten, that he was a prize fighter and "certainly knew how to place his punches."

The doctors who examined deceased upon her admission to the hospital, and who later performed an autopsy following her death a few days later, testified that deceased was bruised over her entire body and that such bruises were of a type that would not immediately be discernible. The autopsy revealed the cause of death as rupture of the spleen and left kidney, with hemorrhage. Further indications of the injuries which she received were: a partial collapse of both lungs, a large amount of fluid in both chest cavities, many fractures of the ribs, rupture of the right kidney, and multiple contusions all over the body.

The indictment charged appellant with having killed deceased by, among other means, striking and beating her with his fists.

The appellant did not testify.

Bill of Exception No. 1 is leveled at the admissibility of the dying declarations of the injured party. The basis of the objection is that a proper predicate for its admissibility had not been laid. The bill contains only the testimony of the witness Ona Chambers and fails to allege that there was no further testimony in the record relative to such predicate.

Branch's Ann. P. C., Sec. 1864, Insufficient predicates, reads as follows:

"A bill of exceptions taken to the supposed error in admitting proof of a dying declaration without laying the proper predicate to be sufficient must contain, and state it contains, all

the predicate laid upon which the declaration was admitted, and must also set out the declaration."

Judge Hawkins said, in Elliott v. State, 111 Texas Crim. Rep. 534, 15 S. W. 2d 648:

"The bill sets out the testimony of one witness bearing on the predicate, but it is not certified in the bill that it contains all the evidence upon that issue."

The reason for the rule is apparent in this case because there was other testimony in the record showing deceased to have been sane.

A further review of the bill, however, convinces this court that the testimony of the witness Chambers in itself supplied the four essential requisites of admissibility set up in Art. 725, C. C. P.

Bill of Exception No. 2 seeks to raise the question of part of the dying declarations being too remote to the cause of death and not, therefore, properly a part of such a declaration. It will be noted, however, in giving his reason for refusing the bill, which we will treat as a qualification, the trial court certified that no such objection was made. Since appellant did not except to the court's qualification, he is bound thereby, and nothing is presented for review.

Bill of Exception No. 3 seeks to complain of the admission in evidence of a bloody quilt, because same was inflammatory and prejudicial. We cannot consider such a complaint, because the objection certified by the court in his qualification to have been the only objection made raises only the question of custody and not the inflammatory nature of the proffered article. Appellant excepted to the court's qualification, the court filed his own bill, and, since appellant has not filed a bystander's bill, we are bound by the court's bill. The court is impressed, however, with the relevancy of the quilt on the question of loss of blood orally following the beating.

Bill of Exception No. 4 presents a similar situation to that of Bill of Exception No. 2, in that the court refused the bill, giving his reasons therefor, and appellant failed to except. The reasons, which we treat as a qualification, state that no objection was made, and therefore the bill presents nothing for review.

The court feels that a challenge by the district attorney,

coupled with a statement that he did not deny them to be authentic records of the hospital, could not take the place of proper proof of the admissibility of such record.

Bill of Exception No. 5 complains of the insertion of appellant's alias in the court's charge. At the time appellant pleads to indictment if he is dissatisfied with the name or names under which he is charged, it is incumbent upon him to suggest such dissatisfaction to the court. Having failed to do so, the court is powerless to later change the style of the cause.

Bill of Exception No. 6 seeks to complain of the trial court's failure to charge, as a matter of law, that deceased was insane at the time of the making of the dying declaration. The question of her insanity was one of fact and was not undisputed. The trial court recognized such fact issue, and, after admitting the dying declaration in evidence, properly charged the jury not to consider such declaration unless they found her to have been sane at the time it was made.

Bill of Exception No. 7 relates to failure to grant an instructed verdict. An examination of the state's case discloses ample facts to support the conviction. Hence the court was not in error.

Bill of Exception No. 8 is directed to the court's refusal to grant a mistrial, because it is alleged that leading questions were employed to elicit the dying declaration. Nowhere in the bill do the questions complained of appear, and therefore nothing is presented for review.

Bill of Exception No. 9 seeks to complain because the district attorney, while on the witness stand, was allowed to argue the law. The court's qualification would indicate that the district attorney removed himself from the witness stand and resumed his capacity as district attorney so that he might argue the law on the question in issue. Even without the qualification, the complaint seems to be hypercritical.

Finding no reversible error, the judgment is affirmed.