BEN CASTILLEJA V. STATE.

No. 25,819. April 30, 1952.
State's Motion for Rehearing Denied June 4, 1952.

Hon. Garland Casebier, Judge Presiding.

*Clayton Bray,* Sonora, and *M. B. Blair,* (on appeal) Austin, for appellant.

*Hart Johnson,* District Attorney, *M. C. Gonzales,* Special Prosecutor, both of Fort Stockton, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is murder with malice, with punishment assessed at fifty years' confinement in the penitentiary.

About six o'clock the evening of August 19, 1951, appellant, Zaragosa Sanchez, and Abelardo Martines were seated at a table in a cafe. The deceased, Miguel Gonzales, was also in the cafe and was included in appellant's offer to "set up the beer

to everybody." Deceased refused the invitation, and this appeared to irritate the appellant. The latter then requested Sanchez to take him home, and left the cafe, going to Sanchez's pick-up truck. Later, appellant was seen standing by the truck talking to deceased and was heard to say to him, "Follow me." Appellant walked away, with deceased following. Some time afterward, his clothing bloody, appellant returned to the cafe with a pistol in his hand and told Martines that he had killed the deceased and wanted to be taken to "the law."

Upon surrendering to the sheriff, appellant stated to him, also, that he had killed the deceased. He then handed the sheriff the pistol, in which there were four fired and two unfired cartridges. The sheriff went to the scene of the killing, as disclosed by the appellant when questioned, and found that deceased had been shot twice; once in the left breast and once in the neck.

Appellant testified to facts showing that he shot in self-defense from the actual attack of the deceased. He insisted, further, that he had shot into the ground twice as a warning to deceased to leave him alone. A witness corroborated that defense.

As a part of its testimony in chief, the state proved by Jesus Gonzales, the brother of deceased, that appellant had been keeping company with his (Jesus Gonzales's wife) wife under circumstances suggesting an illicit relationship between them and that, about a week prior to the homicide, the witness accompanied by the deceased, found her and appellant in appellant's truck parked on a public highway at night.

To the introduction of this testimony the appellant registered several objections, chief among which was that it was irrelevant, immaterial, and highly prejudicial.

The conclusion is expressed that in overruling the objection the learned trial judge fell into error, for we are unable to see wherein it was material for the state to prove acts of misconduct on the part of the appellant with the wife of a brother of the deceased.

The prejudicial effect of such testimony can hardly be doubted, and reversible error is shown thereby.

This disposition of the case renders unnecessary a discussion of the question of newly discovered evidence.

For the error discussed, the judgment is reversed and the cause remanded.

Opinion approved by the court.

### ON STATE'S MOTION FOR REHEARING.

MORRISON, Judge.

Our able state's attorney has urged us to modify our original opinion. If the same may be construed as holding that in no case is it admissible to prove clandestine conduct between the appellant and the sister-in-law of the deceased, then it should be modified. We did not intend to so hold, but did hold that, in the case at bar, the materiality of such testimony had not been established. On another trial, it is possible that the materiality thereof may be developed.

Remaining convinced that we properly disposed of this cause originally, the state's motion for rehearing is overruled.