BEN CASTILLEJA V. STATE.

No. 26,398. May 13, 1953.

*Clay Bray,* Sonora, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder. Upon a former trial, appellant was convicted for murder with malice, and his punishment assessed at fifty years in the penitentiary, which conviction was reversed and remanded by this court as shown by our opinion in Castilleja v. State, 157 Tex. Cr. R. 377, 249 S.W. 2d 64.

Upon the present trial, appellant was again convicted of murder with malice and his punishment assessed at twenty-five years in the penitentiary.

The facts set out in the former opinion are substantially the same as those upon the trial of this case. However, upon this trial, neither the witness Jesus Gonzales nor the appellant testified.

Appellant contends that the court erred in failing to charge the jury upon the law of circumstantial evidence, to which he timely objected and excepted.

The sheriff testified that he first saw appellant on the night of August 19, 1952, when appellant walked around a corner with blood all over the front of his shirt and a gun in his hand, and that appellant said that he had killed Mike Gonzales; the sheriff further testified that appellant told him where to look for the body, and that he found the body where he (appellant) said it would be; that he was the first person to the body, and there was a bullet hole in the left breast.

There being direct evidence in the record that appellant killed the deceased, no error is shown by the failure to charge the jury on the law of circumstantial evidence. Crum v. State, 129 Tex. Cr. R. 614, 91 S.W. 2d 353; Easterwood v. State, 132 Tex. Cr. R. 9, 101 S.W. 2d 576.

Appellant further contends that the court erred in failing to submit to the jury the issue of the suspension of his sentence.

There was no evidence offered showing that the defendant had never before been convicted of a felony in this or in any other state. In the absence of such proof, the court did not err in failing to submit the issue of suspension of sentence to the jury. Art. 776, C.C.P.; 12 Tex. Jur. 745.

Appellant next complains because the court failed to instruct the jury on the law of self-defense.

There was no testimony by any witness to the actual shooting; the appellant did not testify; the sheriff testified that appellant came to him and said he had killed Mike Gonzales and told him where he could find the body. No explanation of the killing was offered.

In the absence of evidence raising the issue of self-defense, no error is shown in failing to instruct the jury thereon.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the court.