### Florencia Lara v. The State.

No. 2745.    Decided November 19, 1913.

**1.—Assault to Murder—Evidence.**

· Upon trial of assault with intent to murder, there was no error in admitting testimony as to the details of prior difficulties which led to the assault.

**2.—Same—Evidence—Acts of Third Parties.**

Upon trial of assault with intent to murder, it was error to admit testimony that a third party had been indicted and convicted upon evidence growing out of the same transaction with which defendant was charged, and likewise to admit indictments against other parties for participating in the difficulty.

**3.—Same—Evidence—Acts of Third Party.**

Upon trial of assault to murder, it was error to admit testimony that third parties who had been indicted in connection with the assault with which defendant was charged were evading arrest and were fugitives from justice.

**4.—Same—Charge of Court—Assault to Murder.**

Where defendant was convicted of aggravated assault, alleged errors in the court's charge on assault to murder need not be considered; besides, the objections were too general to be reviewed on appeal.

Appeal from the District Court of Wilson. Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of aggravated assault; penalty, a fine of $300 and one year confinement in the county jail.

The opinion states the case.

*J. E. Canfield,* for appellant.—On question of admitting in evidence acts of third parties: Smith v. State, 81 S. W. Rep., 936; Blain v. State, 18 S. W. Rep., 862; Harris v. State, 15 Texas Crim. App., 629.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted for making an assault on

J. L. Allen with intent to murder him; he was convicted of aggravated assault and his punishment assessed at one year confinement in jail and a fine of $300.

Mr. Allen was an officer and he testified that he was called to a saloon at Poth and notified of pending trouble, and that some one had a knife. He searched several and failed to find any weapon. He says that appellant then approached, and invited him to take a drink, leaning up against him. He declined the drink, but felt a knife on appellant's person, and demanded it. Appellant refused to surrender it, and a difficulty arose in which he was cut on the hand before he succeeded in getting the knife. He then arrested four Mexicans, and started off with them, and while at the back of the saloon, some one holloed to him to "watch out," when he was assaulted from the rear. He pulled his pistol, but that in the melee it was taken from him, and he was struck over the head with it. Also some one struck his right arm and broke it; that one Ludwig came to his rescue and was killed.

Appellant testified he had no knife on his person, but that Allen came to him, and some five of his friends who were getting in the wagon to go home, and invited them to take a drink; that three of them did go in and take a glass of beer with Mr. Allen, and while they were drinking Chaverrea passed by and stuck a knife in the waistband of his pants; that Mr. Allen at once grabbed the knife and some one struck him from behind and that he knew no more.

It was permissible for Mr. Allen to testify as to all the details of the difficulty, or two difficulties, and as to who were participants therein; as to the wounds inflicted on him, and that Joe Ludwig was killed in the difficulty,—that is, detail the entire transaction as it occurred from his viewpoint, and the bills of exception as to this testimony present no error.

But it was not permissible for Mr. Allen to testify that Arrando had been indicted by the grand jury, tried, convicted of the murder of Mr. Ludwig and sentenced to the penitentiary. Nor was it permissible for Mr. Allen to testify that the grand jury had investigated this difficulty and returned bills of indictment against Elberto Chaverrea, Reyes Flores, Gregorio Cortenas and others, charging them with assault to murder on him for their participation in this difficulty, and the court should not have admitted this testimony.

The court was also in error in permitting the bills of indictment against these others to be introduced in evidence. This was but getting before the trial jury the fact that the grand jury had accepted the State's theory of the case, and indicted all those whom Mr. Allen said had been participants in the affray, and they could have been introduced for no purpose, except to support and bolster up the State's theory. This investigation of the grand jury, and return of the indictments, were certainly after the difficulty, would shed no light on the difficulty, and were getting before the jury the opinion of the grand jury as to the merits of the disputed issues. The grand jury may not have been

informed as to the defendant's theory of the case; the evidence of the witnesses who tended to support his defense may not have been before the grand jury. Often this is the case, and it was highly improper to have permitted these indictments against others to be introduced in evidence. They were not witnesses and as it appears by these indictments, they could not have been witnesses for the defendant, and the State tendered none of them as witnesses. We have treated these bills jointly, and this relates to all the indictments introduced, and on another trial the objection to their introduction in evidence should be sustained.

By another bill it is shown that Mr. Wright was permitted to testify: "I am acquainted with Gregorio Cortenas and know that he was indicted by the grand jury of the December Term of the District Court, 1911, in connection with an assault to murder J. L. Allen. I had him under arrest but he gave bond and has not been under process to this court, nor has he been since the indictment was returned. I have a capias for his arrest and have made diligent search for him and have sent circulars all over the southwest part of the State. I do not know where he is. I do not know Jilberto Chaverrea but I have had a capias as an officer for him since the grand jury of December, 1911, but have no idea where he is. He has not been in court in Wilson County to my knowledge." These were two of the men shown to have been indicted as participating in the assault on Mr. Allen, and the fact that they fled, had forfeited their bonds,—were refugees from justice, was not legitimate evidence against this defendant. It was not sought to be shown he had anything to do with their flight, and he could in no sense be held responsible for any of their acts after the difficulty was over. He, at least, had not fled, nor made any attempt to do so, but was in court contending he had made an assault of no character, but instead, that he had been assaulted and seriously wounded. While testimony as to what took place *during the difficulty*, the acts and conduct of each participant was admissible in evidence, yet, the subsequent acts of any of the others, in which he did not participate, were not admissible against him, and the court erred in not excluding all such testimony.

There are other bills in the record presenting similar matters, but what has been said should make it clear what testimony is admissible and what should be excluded, without taking up each bill and discussing it. As before stated, the fact that Mr. Allen was called to the saloon, that he searched for a knife, and the acts and conduct of each and every one of the alleged participants in the difficulty until it was over, under this record, were properly admitted in evidence. But nothing subsequent thereto should have been admitted. It was error to show that Arrando had been tried and convicted; it was error to show that others had been indicted for assault to murder; it was error to show that some of them had fled; it was error to show that others had forfeited their bonds,—in fact, all these matters that took place after the difficulty was over will be excluded on another trial.

We need not discuss the alleged errors in the charge on assault to murder as that grade of offense will not be presented on another trial; having been convicted of aggravated assault only, on another trial that issue should alone be presented. Besides, the entire charge is copied in one bill, and the assignments of errors in it are too general to bring anything before us for review.

Reversed and remanded.

*Reversed and remanded.*