LAWRENCE ELAM v. THE STATE.

No. 13475.   Delivered June 11, 1930.
Reported in 29 S. W. (2d) 347.

The opinion states the case.

*Mike T. Lively, Maury Hughes,* and *T. F. Monroe,* all of Dallas, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, twenty years in the penitentiary.

Bad feeling had existed between appellant and deceased for some time prior to the homicide.   Deceased a few weeks before he was killed had shot appellant with a pistol.   They had apparently reconciled their differences and went together to the house of a friend, where the homicide took place.   The State's testimony tends to show that appellant shot deceased without cause or provocation while he was doing nothing.

The testimony of appellant was to the effect that deceased attempted to again shoot him and that he killed him in self-defense. There was found on the body of deceased a pistol.

The only legal question deemed necessary to discuss is that presented by Bill of Exception No. 5. This in substance shows that the State on cross-examination proved by appellant while testifying for himself that he had, since being indicted in the murder case on trial, been also indicted for a liquor law violation and such case was still pending. After which appellant offered to testify that the liquor indictment grew out of the following transaction: Officers searched for and found in his car intoxicating liquor on Saturday night before his murder case was set for trial on Monday; that appellant saw two of the State's witnesses, Floyd and Charlie Staten, place some whiskey in his (appellant's) car and run away and immediately thereafter officers appeared and arrested him for the unlawful possession of intoxicating liquor—this to show he was the victim of a frame-up. The Court refused to permit him to thus explain, appending to the appellant's bill a qualification showing in substance that he was willing to permit the appellant to testify that he was not guilty of the offense charged in the indictment, but did not think the details of same were admissible since to turn aside and try out the issues of the liquor case would multiply and confuse the issues. In this we think the Court erred. The offered testimony appears to have been res gestae and a part of the very transaction brought out by the State and which formed the basis of the liquor indictment. The State having gone into the matter and sought to discredit appellant as a witness by proof of the indictment, appellant was entitled to remove the imputation thus cast upon him by an explanation of same, if any he had. Particularly is this true where the explanation involved matters that were a part of the very transaction gone into by the prosecution. Speaking of this question, Judge Davidson uses the following language: "Not only so, but in Texas it has been fully so declared by statutory enactment. Whenever an act or any circumstance has been introduced against a defendant, he has the right to explain, by any act or circumstance which is res gestae, or part of it, or incident to the matter or growing out of it, that the act was not criminal, and thus avoid the bad effect of it before the jury." Cowart v. State, 158 S. W. 809. The case of Miller v. State, 106 Tex. Crim. Rep. 640, by Judge Lattimore goes rather exhaustively into the question of the right of an accused as a witness for himself to make an exculpatory explana-

tion of an indictment introduced by the State to affect his credibility as a witness and his right to do so is there clearly decided. See also Anderson v. State, 21 S. W. (2d) 501; Skinner v. State, 94 Tex. Crim. Rep. 371; Tippett v. State, 37 Tex. Crim. Rep. 186. A sufficient answer to the trial court's reason for the rejection of this testimony is found in both the Miller and Anderson cases, supra. The limits of such an inquiry appear to be stated particularly in the Miller case. If the limitations there indicated are observed the issues could not be multiplied to a confusing degree. It has been suggested that the error was harmless since appellant testified to other indictments against him without explanation. We fail to perceive the correctness of this reasoning. However, we note the following explanation of such other indictments in the statement of facts: "In January of 1919 when I was indicted in three cases for swindling, I was twenty-one years old. I was acquitted of that in one case and the others were dismissed. With reference to the indictment here for driving while intoxicated that they asked me about, the officers that arrested me and filed on me, they found out later I wasn't drunk and dismissed it; just had a careless collision and the fellow gave me a hundred dollars." It thus appears that appellant explained at least in some detail the other indictments but such opportunity of explanation was refused him in the most recent one.

Believing the bill discussed presents error, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.