LAWRENCE ELAM V. THE STATE.

No. 14746.   Delivered March 9, 1932.

The opinion states the case.

*Maury Hughes* and *T. F. Monroe,* both of Dallas, and *A. R. Stout,* of Ennis, for appellant.

*Archie D. Gray,* Criminal District Attorney, of Waxahachie, and *Harry S. Pollard,* Asst. District Attorney, of Dallas, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for fifteen years.

This case was tried in Ellis County on a change of venue. A former appeal is reported in 115 Texas Crim. Rep., 137, 29 S. W. (2d) 347.

Appellant and deceased, Albert Griner, had had a difficulty some time prior to the homicide. A few weeks before he was killed deceased had shot appellant with a pistol. The testimony of appellant tended to show that in the first difficulty deceased attacked him without provocation. The testimony of the state tended to show appellant was in the wrong and provoked the difficulty. Touching the transaction resulting in the death of deceased, the state's testimony was to the effect that appellant shot deceased without cause or provocation. Appellant testified, in substance, that deceased attempted to again shoot him and that he killed him in self-defense.

Bill of exception No. 1 presents the following occurrence: After several of appellant's witnesses had testified, in effect, that during the first difficulty between deceased and appellant, deceased shot appellant without cause or provocation, the state introduced in evidence, over proper objection, a "no bill" of the grand jury of Dallas county, certifying that the grand jury had voted to return no indictment against deceased for shooting appellant. We set forth the instrument as follows:

"Dallas, Texas.
"To the Honorable Judges Criminal District Courts:
"In the case of the State of Texas versus Albert Griner charged with assault to murder, the grand jury have voted 'no bill' and request that the defendant be released, if there are no further charges against him, this 7th day of December, 1928.
"C. D. Cain,
"Foreman of the Grand Jury."

It is certified in the bill of exception that appellant introduced the testimony tending to show that in a previous difficulty deceased shot him without provocation for the purpose of showing the previous relationship existing between appellant and deceased. Further, it is certified that the purpose of such testimony was, "To show the condition of the mind of the defendant, and for the purpose of showing that the deceased had wantonly and maliciously attempted to assassinate him a few days before the defendant killed deceased, and to substantiate defendant's theory that the deceased was endeavoring to kill the defendant at the time that he, the defendant, shot and killed the deceased." Touching the ground upon which the state was permitted to introduce the "no bill," the court certifies in the bill of exception as follows: "The state took issue with the defendant on the above set of facts, and in order to offset same and prove that the deceased Griner was not at fault at the time of the first shooting, and in order to rebut the proof offered by the defendant and show that the deceased did not shoot the defendant on November 1st, 1928, as testified to by the witnesses Anderson and Fuller, the state offered in evidence a 'no bill' of the grand jury of Dallas County, certifying that

the deceased, Albert Griner, had been exonerated for the shooting of Lawrence Elam."

The testimony under consideration placed before the jury the opinion of the grand jury as to the merits of a disputed issue. It constituted an attempt on the part of the state to bolster up the theory that appellant was the aggressor in the first difficulty. If such statement by the grand jury led the jury to believe that appellant was in the wrong in the first difficulty, it would seem to follow that they probably discredited appellant's testimony to the effect that he acted in self-defense when he shot deceased. That the statement of the grand jury was hearsay is obvious. See Figaroa v. State, 58 Texas Crim. Rep., 611, 127 S. W., 193; Lara v. State, 72 Texas Crim. Rep., 100, 161 S. W., 99.

There are a number of complaints of remarks and argument of the state's attorney, which we will not discuss, in view of reversal for other reasons. They will likely not occur on another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.