## THOMAS et ux. v. UNITED STATES.
### No. 11829.

Circuit Court of Appeals, Fifth Circuit.
June 25, 1947.

HUTCHESON, Circuit Judge, dissenting in part.

———————◆———————

King C. Haynie, of Houston Tex., for appellants.

Brian S. Odem, U. S. Atty., and William R. Eckhardt, Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Both of the defendants were convicted of unlawfully acquiring and receiving a quantity of marihuana without having paid the transfer tax as required by law. The Government's testimony showed that on the night of the arrest of the two defendants the officers of the Houston Police Department were watching the home of one Lee Lewis, a colored man, in the Negro section of Houston, Texas. At about 10:30 at night an automobile drove up to the house and defendant Thomas got out and went to the porch where Lee Lewis was seated. The latter went into the house but soon returned, whereupon Thomas re-entered the car and it was driven away. A successful pursuit of the automobile by the officers for two blocks revealed that it was occupied by the two defendants. There was also a pistol on the front seat. Upon their prompt arrival at the police station a policewoman undertook to search Marie Fowler. She refused to remove her clothes and when that officer undertook to make the search, defendant Fowler shoved her away, made a rush to the window, pushed out the screen, took something from the bosom of her dress, and threw it out the window. The policewoman testified: "I could see something floated through the air out of the window. It looked like little pieces of white something wrapped in paper." While the policewoman kept watch out the window, a city detective went to the ground below to search for whatever it was that Marie Fowler had thrown out. Directly under the window on the asphalt of the parking lot some seven feet from the wall of the police station the detective found six marihuana cigarettes. Five were scattered around a three-foot circle. Another was in a paper napkin. Nothing else was found in any wise answering the description of the policewoman or that could have been thrown out the window. No cigarettes were found in possession of defendant, Richard M. Thomas. Neither defendant had paid the tax nor otherwise complied with the marihuana statute.

Over the objection of the defendants' counsel evidence was admitted of the finding of the pistol on the seat of the automobile and of the record of two subsequent convictions of Lee Lewis on charges of violating the Marihuana Act, 26 U.S. C.A. Int.Rev.Code, §§ 2590–2603, 3230–3234, 3236–3238.

■ Finding the pistol on the front seat of the car was only an incident of the search. Defendants were not on trial for any offense having any relation to the weapon. Nor was any evidence offered that the defendants were not lawfully entitled to have the pistol. The evidence as to the pistol in the automobile as an incident to the search was not prejudicial to Marie Fowler.

Lee Lewis was not on trial. He was not even a witness. Had he been on trial the evidence of former convictions of a felony could have been introduced only to the extent that it might affect his credibility and then only in the event he denied having been convicted. Likewise, if he had been a witness and had denied such conviction, the record of convictions could have been introduced to impeach him. But the purpose of introducing the judgment of

conviction in the present case was not the impeachment of evidence of Lee Lewis. The case was wholly circumstantial and usually every circumstance from which a reasonable inference might be drawn that would tend to shed any light on the issue is admissible. The Government's case shows the two defendants in a section of the City of Houston where the jury could conclude that it was unusual for people of the Caucasian race to be at the hour of 10:30 at night. Their automobile stopped in front of Lee Lewis' home. We think that oral evidence could have been received to show—if, indeed, it were a fact—that Lewis's place was notorious as a place where marihuana was generally sold.

Such evidence might have had some bearing in revealing the circumstances into which defendants placed themselves on the night in question immediately before their arrest. The judgments of conviction of Lee Lewis bore the date of the 25th of September. The defendants were arrested on the 9th day of August. Even if this evidence were otherwise relevant—a point which we do not here decide—it is difficult to see in what manner convictions made six weeks after the night of their visit to Lee Lewis' house could have been relevant or competent evidence in the case of either of these defendants. But it is not necessary for us to consider the question as to whether or not the evidence of Lee Lewis's subsequent convictions was prejudicial as to Richard Thomas for the reason that the Government wholly failed to make out a case against that defendant. No marihuana was found in his possession and there was nothing against him except suspicion. It was not shown that he acquired marihuana or anything else from Lee Lewis, and the fact that he went to Lee Lewis' house at night, and that another defendant, in his company, had possession of six marihuana cigarettes, was insufficient to make out a case against him. The motion for a directed verdict as to Richard M. Thomas should have been granted.

It was not shown that any mari-
huana was obtained from Lee Lewis or from Lee Lewis' home. It was not shown that any effort was made to obtain marihuana at that place. It was not shown that Marie Fowler had any conversation or contact whatsoever with Lee Lewis, nor that she had anything to do with the pistol. On the contrary, she never entered the Lewis house. In the absence of such proof and the complete failure to connect Marie Fowler with the pistol or the visit to Lee Lewis's house, we do not think the evidence as to the pistol or as to Lee Lewis' record of subsequent convictions, which were in nowise based upon any connection with the marihuana involved in this case, could have been prejudicial to her. There was ample evidence without the record of the convictions of Lee Lewis to sustain her conviction. The evidence—which the jury believed—clearly shows that Marie Fowler had possession and threw out of the window the six marihuana cigarettes, and it is not disputed that she had completely failed to comply with the law relative to the acquisition thereof. It was not an essential part of the Government's case to show that she obtained them from Lee Lewis.

The judgment as to Marie Fowler is affirmed.

The judgment as to Richard M. Thomas is reversed with direction to vacate said judgment and discharge said defendant.

HUTCHESON, Circuit Judge (concurring in part, in part dissenting).

I concur in the reversal of the judgment as to Richard Thomas. I dissent from its affirmance as to Marie Fowler. I agree that there was sufficient evidence to take the case to the jury as to her, but, in view of the completely erroneous admission of the two judgments of conviction against Lee Lewis and of the testimony of the officers that the appellants were at or near Lee Lewis' house, I cannot agree that this court may speculate on whether the admission of these judgments was prejudicial. That their admission was erroneous is clear, I think, both upon principle and authority.[1] That a conviction should not be

---

[1] Kirby v. United States, 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890; Lara v. State, 72 Tex.Cr.R. 100, 161 S.W. 99; Gonzales v. State, 88 Tex.Cr.R. 248, 226 S. W. 405; Walding v. State, 135 Tex.Cr. R. 430, 120 S.W.2d 1052; Bacon v. State, 147 Tex.Cr.R. 605, 183 S.W.2d 177.

set aside on purely technical grounds where there is substantial evidence to support the conviction and no prejudicial error is shown is settled law. But I had thought it equally settled law that innovations on settled rules of evidence designed to protect accused persons from unjust convictions ought not to be disregarded, indeed encouraged, by holding them harmless error. The hard won safeguards of human liberty, enshrined in protective rules of the kind violated here, ought not to be done mere lip service to by recognizing their breaches but holding them harmless. The judgment as to Marie Fowler should be reversed for trial anew.