### JIMMY L. WARD v. STATE

No. 31,448. February 24, 1960
Appellant's Motion for Rehearing Overruled June 15, 1960

590

MORRISON, Presiding Judge, dissented.

*A. A. Semaan* and *James C. Onion,* San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, by *Norma Lee Fink,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 3 days in jail and a fine of $50.

The evidence shows that appellant drove his pickup truck into the rear end of a taxicab which had stopped at a traffic light at the intersection of Fredericksburg Road and Blanco Road, in the city of San Antonio.

The collision occurred after 10:30 P.M. and Police Officer Wheeler arrived shortly thereafter and made investigation.

Ferguson, the taxi driver, who received back and head injuries as a result of the collision, testified: "I could tell there was intoxication about him" (appellant) but did not form an opinion as to whether he was under the influence of intoxicating liquor.

Officer Wheeler testified that appellant identified himself as the driver of the pickup truck; that appellant had some difficulty in removing his license from his wallet; he "fumbled back and forth over it two or three times before he identified which paper in his wallet was the drivers license"; that "his breath was strong of some type of intoxicating beverage"; "he would sway forward and backward as he was attempting to stand without moving"; "his speech was somewhat slurred"; "It seems that his words were being drug out, that he was having some difficulty in getting his words formed in his mouth, as though his tongue was thick"; "he had some difficulty in keeping his line of conversation—he had a tendency to be confused about what he was trying to get across"; "he stated he wanted to get back into his pickup and drive home, and all the front of the pickup was demolished and part of it was on the ground, and the radiator was smashed back into the motor, and it was impossible to even start the pickup." "His eyes appeared to be very dilated and also watery." "In my opinion the defendant Jimmy Ward was under the influence of intoxicants."

"Q. All right. Now, when you arrived at the scene and had an opportunity to see the defendant he was shaken up like the cab driver, wasn't he?    A. No, Sir.

"Q. You wouldn't say that he was shaken up?    A. No, sir, I sure wouldn't."

Officer Wheeler testified that after he observed that appellant was under the influence of alcohol he "returned him to the station to proceed with the booking of drunk driving and negligent collision and taking care of his property and his wrecked pickup."

Having offered the testimony of Mr. Ferguson, the taxi driver, and of Officer Wheeler, the state rested.

Appellant then called four witnesses who testified that they saw him during the day and were with him from 5:30 until about 10:00 P.M. Each testified, as did appellant, that they were playing pool and watching appellant play pool and drinking beer during this time. They testified that each of them drank four or five bottles of beer, but none remembered appellant having had a sixth bottle. Appellant testified that he did not consume all of the beer in the five bottles from which he drank. Appellant and these four witnesses testified that he was sober.

In rebuttal the state called City Detective Meissner, who testified that he made a drunkometer test of appellant which he agreed to take. The amount of water that was displaced on the test given at 11:50 P.M. was, he testified, 280 ccs. Detective Meissner also testified that he had observed people who were intoxicated, and in his opinion appellant was under the influence of alcohol.

Lt. Joe Morales, of the San Antonio Police and in charge of the police laboratory, testified as to his qualifications and training and testified that he had trained Officer Meissner in the use of the Harger drunkometer and considered him a qualified operator.

Lt. Morales further testified that the amount of water displaced being 280 ccs. indicated nineteen hundredths of one per cent alcohol in the blood of the person tested, and such person would not have the normal use of his mental and physical facilities.

Lt. Morales further testified that he weighed the ascerite tube before and after the test was given appellant the result being "nineteen hundreds of one per cent blood alcohol."

The principal points relied upon for reversal relate to the testimony of Officer Meissner and Lt. Morales.

Officer Meissner's training and experience is equivalent, for the purposes of this opinion, to that of Officer Whitworth which we discussed in the recent case of Fluitt v. State, No. 31,391, 169 Tex. Cr. Rep. 259, 333 S.W. 2d 144. We there had occasion to consider the qualifications of Lt. Morales and of Officer Whitworth, and the supervision of the drunkometer tests. The evidence is in effect the same in this regard as that in Fluitt v. State. The court did not err in admitting the testimony as to the test and the results thereof.

Appellant complains that he was not permitted to prove that the negligent collision charge was dismissed.

We do not agree that the state was attempting to use the fact that appellant had been booked for negligent collision as tending to show that he was guilty of drunk driving. The officer was asked: "What did you do after you observed the defendant was under the influence of alcohol?" and he answered: "Return-

ed him to the station to proceed with the booking of drunk driving and negligent collision and taking care of his property and his wrecked pickup."

The only objection to the question was that it had been answered previously.

The fact that the lesser charge of negligent collision had been dismissed was not an act or circumstance which would bear upon the issue of appellant's condition of sobriety, and the trial court correctly sustained the objection.

The remaining grounds for reversal have been considered and are overruled.

The jury resolved the issue of appellant's intoxication against him and the evidence sustains its verdict.

The judgment is affirmed.

MORRISON, Presiding Judge (dissenting).

I would reverse this conviction for two reasons. The issue of appellant's intoxication was closely contested. Four substantial business men who were with appellant until immediately before the accident testified that appellant was not intoxicated. Appellant testified that the taxicab with which he collided passed him on his right, cut in front of him, and then appied the brakes so quickly that he was unable to avoid colliding with the cab. The state, in order to show that appellant was intoxicated, relied upon the testimony of the cab driver that he was stopped at a red light when appellant drove up and ran into the rear of his cab. In making out its case in chief, the state proved that the arresting officer booked appellant for both driving while intoxicated and negligent collision. When appellant took the stand in his own behalf, he was asked the outcome of the negligent collision case. The court erroneously, as I see it, sustained the state's objection to the question, and appellant perfected his bill in the absence of the jury by showing that the negligent collision case had been dismissed. This evidence that appellant had been booked for negligent collision, without the proof that the charge had been dismissed, was of strong probative value and lead the jury to believe that appellant was at fault in the collision, and was therefore intoxicated. Elam v. State, 115 Tex. Cr. Rep. 137, 29 S.W. 2d 347, supports the view which I entertain that the court erred in sustaining the State's objection.

The learned trial court clearly erred in permitting the state to ask the witness Meissner leading questions and stating in the presence of the jury that he was an expert. Officer Meissner was qualified to give the tests but was far from an expert on the Harger breathmeter test.

I respectfully dissent.