**Leo W. BLAKE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37023.**

Court of Criminal Appeals of Texas.

June 17, 1964.

Thomas D. White, Charles M. Leftwich, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Jimmy James, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is embezzlement of $970.00 in money; the punishment, 2 years.

Conviction upon a previous trial was reversed. Blake v. State, Tex.Cr.App., 365 S.W.2d 795.

The oral statement of the appellant to his employer, B. J. Stahlman, was admitted in evidence as was the written confession of the appellant subsequently made to Deputy Sheriff H. C. Carpenter.

As a witness in his own behalf, the appellant testified that while they were alone Mr. Stahlman told him that if he would help find all the shortages in his bookkeeping system he would not file charges against him, otherwise he would "more or less throw the book at me."

Appellant objected to the court's charge because it did not clearly instruct the jury not to consider any oral statement made by him after he was placed under arrest and "* * * does not clearly charge the jury not to consider Defendant's written or oral statements introduced herein if the___ have a reasonable doubt as to whether Defendant made said statements because he was promised anything or threat___."

The charge of the court included an instruction relating to the statement or confession signed by the appellant, but none relating to the oral confession shown by the testimony of Mr. Stahlman.

The objection appears to have been sufficient to direct the trial court's attention to the omission of an instruction to the effect that the oral confession of the appellant to his employer could not be considered if induced by his employer's promise or threat. Fisher v. State, Tex.Cr.App., 379 S.W.2d 900, and cases cited.

The omission of such an instruction was calculated to injure the rights of the appellant and requires reversal.

The judgment is reversed and the cause remanded.