**Vera Lee BELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42042.**

Court of Criminal Appeals of Texas.

May 21, 1969.

Rehearing Denied July 16, 1969.

Lee P. Ward, Jr., David C. Middleton, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Erwin G. Ernst, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, 20 years.

The evidence adduced at the trial shows that on the night in question, at approximately 12:40 and 12:45 A.M. a woman who identified herself as appellant called the Houston police and requested an ambulance, stating that she had shot her husband and another woman, and giving her address. Within the hour five members of the Houston police force arrived separately at the address given by the woman to investigate the reported shooting. Sgt. Gordy, the first to arrive, related that he peered through the front door, saw a man lying on the floor, went around the house and entered through the back door, saw appellant on the phone but said nothing to her at that time, saw the nude body of a woman on the floor and a half-clad man severely wounded on the floor nearby. The man identified himself as Deputy Sheriff Bell, stated that he wanted an ambulance, that he was dying, and upon being asked by Sgt. Gordy who had shot him replied, "My wife." Sgt. Gordy then started for the front door and upon meeting Officers LeCompte and Carmichael, returned to the interior of the house, when appellant appeared and engaged Officer Carmichael in a discussion which neither Sgt. Gordy nor Officer LeCompte overheard. Officer Carmichael reported a chain of events identical to those related by Sgt. Gordy,

and further stated, both on voir dire and later before the jury, that he did not arrest appellant, nor did he consider her to be custody, that he asked the usual, innocuous question "What happened?", to which appellant replied that "she caught them sleeping in bed. * * * She walked over to the lamp table * * * took out this pistol and shot them." Eight empty bullet hulls were found on the floor near the bodies, all of which were identified as coming from the gun appellant admittedly fired at the deceaseds, and all of which housed the bullets which inflicted some sixteen fatal wounds on both bodies. Appellant's defense was that of self-defense.

The court properly charged the jury on self-defense and on malice, and the jury were justified, under the evidence and the charge, in returning their verdict. Appellant's first ground of error—that the evidence is insufficient to sustain a finding of malice, is accordingly overruled. See Bell v. State, Tex.Cr.App., 398 S.W.2d 133.

Her second ground of error relates to the court's overruling of appellant's motion for discovery. The trial court conducted a hearing on such motion and carefully, point by point, considered and ruled on it. Many of the matters set out in the motion were public records available to appellant upon request; others were matters not within the knowledge of the prosecutor, as so testified to by the prosecutor; and others have been held to be exempt from discovery. See Enriquez v. State, Tex.Cr. App., 429 S.W.2d 141; Bryant v. State, Tex.Cr.App., 423 S.W.2d 320; Hackathorn v. State, Tex.Cr.App., 422 S.W.2d 920; Sonderup v. State, Tex.Cr.App., 418 S.W. 2d 807; Smith v. State, Tex.Cr.App., 409 S.W.2d 409, cert. den. 389 U.S. 822, 88 S.Ct. 45, 19 L.Ed.2d 73.

We further note that nowhere in the record has appellant shown that matters sought to be discovered were material to appellant's defense or material to the issue of punishment, or that material matters sought to be discovered were in the posses-

sion of and withheld by the state. The Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, line of cases[1] do not stand for the proposition advanced by appellant here—that she should have been granted carte blanche in rummaging through the state's files in the hope of uncovering some shred of evidence which might be of assistance to her either on the issue of guilt or punishment. Ground of error #2 is overruled.

■ Relying upon the cases cited above, appellant next complains of the court's failure to grant her motion to produce evidence inconsistent with her guilt and her motion to have the State list the names of all witnesses. Because the motions lack that degree of specificity required to come within the rule announced in Brady v. Maryland, supra, and because the record reflects that the State's subpoena, on which were listed all the State's witnesses was on file and available for public inspection prior to appellant's trial, and'for the reasons pointed out in discussing her second ground of error, appellant's third and fourth grounds of error are without merit.

Grounds of error #5 and 6 relate to the court's overruling of appellant's motion to suppress evidence and motion to suppress a confession.

■ At the hearing on these motions, the court ruled that both motions would be "overruled without prejudice on the part of the defendant to make any objections to the evidence referred to * * * at such time as it may be offered in the trial of this cause and without prejudice to request hearings outside the presence of the jury." Art. 28.01, Vernon's Ann.C.C.P., upon which appellant relies, is not mandatory and the court, in its discretion, may elect to determine the merits of the motion at the time when the subject matter of the motion is first brought before the court during the trial rather than at a pre-trial hearing. In the case at bar, full and complete hearings were accorded appellant at the time the complained-of evidence and confession were introduced. This was compliance with Art. 28.01, supra.

■ We further note that the motion for suppression of the confession was filed on the first day of appellant's trial. The court's overruling of such motion is in accord with our recent opinions in Sonderup v. State, supra, and Bosley v. State, Tex. Cr.App., 414 S.W.2d 468, cert. den. 389 U. S. 876, 88 S.Ct. 172, 19 L.Ed.2d 162.

The seventh ground of error relates to a motion to require the district attorney to produce certain documents which motion was also filed on the day of appellant's trial. The documents referred to in the motion were, for the most part identical to those requested in appellant's motion for discovery. For the reasons pointed out in discussing the motion for discovery, and in reliance on Sonderup v. State, supra, and Bosley v. State, supra, this ground of error is overruled.

Appellant's eighth ground of error relates to the approval of the record and certain objections and exceptions taken to the record by appellant which were filed before notice of completion of the record was given to appellant. Art. 40.09, Section 7, V.A.C.C.P. Assuming the omissions set forth in appellant's objections and exceptions to the record had been included in the record, we find no error reflected with or without such inclusions.

■ The ninth ground of error assigned complains of the court's overruling of appellant's objections to Officer Rollins' testimony that appellant twice called him on the night in question, requested an ambulance, and told him she had just shot her husband and another woman. Appellant testified to calling the police immediately after she fired the fatal shots. Gaines v. State, 157 Tex.Cr.R. 105, 247 S.W.2d 251. Ground of error #9 is overruled.

1. Ashley v. Texas, 5 Cir., 319 F.2d 80; Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737; Miller v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690.

■ Her tenth ground of error relates to an alleged leading of a witness for the State. This Court does not consider the asking per se of a leading question a reversible error. Delespine v. State, Tex. Cr.App., 396 S.W.2d 133; Bryant v. State, Tex.Civ.App., 367 S.W.2d 684; Bell v. State, 166 Tex.Cr.R. 340, 313 S.W.2d 606; and Piland v. State, 162 Tex.Cr.R. 362, 285 S.W.2d 230.

■ Complaint is made in her eleventh ground of error of Sgt. Gordy's testimony of the scene which confronted him upon entering the scene of the murders—that the nude female's body was covered with blood and had bullet holes in it. The admission into evidence of descriptive facts of this nature does not constitute error. Hackathorn v. State, supra.

■ The twelfth ground of error concerns a declaration made by appellant's husband to Sgt. Gordy at the scene of the shooting prior to his demise. The trial court followed the accepted procedure in making a determination of the issue raised by removing the jury and examining the witnesses prior to admitting the testimony of the officer. 29 Tex.Jur.2d Homicide, Section 142. The testimony adduced at such hearing established that the now deceased declarant was then conscious, was aware of impending death and did not make the accusation as a result of any questioning by the officer other than asking him "Who shot you?", after the declarant had offered the statement " * * * Officer, I am a deputy sheriff, would you get me an ambulance, I am dying." The court did not err in overruling appellant's objections and admitting the testimony. Seay v. State, Tex.Cr.App., 395 S.W.2d 40; Bradford v. State, Tex.Cr.App., 372 S.W.2d 336; Rawls v. State, 127 Tex.Cr.R. 414, 76 S.W.2d 1053; Thompson v. State, 79 Tex.Cr.R. 478, 187 S.W. 204; 29 Tex.Jur. 2d 173; Homicide, Section 142; 4 A.L.R. 3d 149, Section 3 at 156.

Appellant's thirteenth ground of error is that her inculpatory statements made to Officer Carmichael at the scene of the shooting immediately after his arrival should not have been admitted since they constituted a confession and she had not been warned of her rights prior to making the statement in accordance with Art. 38.-22, V.A.C.C.P. and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Reliance is also had on the relatively recent opinion of the Supreme Court of the United States in Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311.

■ A hearing was had out of the presence of the jury during which Officer Carmichael testified that he asked appellant "What happened?", to which she replied that she had shot her husband and a woman that was in the bed. A question about the weapon used in the shooting resulted in appellant's pointing out to the officer the location of a certain pistol. Ballistics tests verified that such pistol was the murder weapon. The officer further stated that he did not arrest appellant, that he did not consider her to be in custody at the time he asked the questions which elicited the above related information.

A similar fact situation, upon which the same contention was based, was presented to this Court in our recent case of Longs v. State, Tex.Cr.App., 429 S.W.2d 157. The reasoning and authorities there stated are dispositive of this ground of error.

Orozco is not applicable here because the facts are easily distinguishable.

■ Appellant's next ground of error is based on the introduction into evidence of the pistol and bullets. Any infirmity in connecting these exhibits to the appellant was cured by the testimony of Mr. Sillivan, a ballistics expert, who testified, without objection, that these exhibits were the murder weapon and the death-dealing bullets, and by the testimony by Dr. Jachimczyk who identified some of the bullets as having been removed from appellant's husband's body. East v. State, Tex.Cr.App., 420 S.W.2d 414; and cases collated at 13A Tex.Dig., Criminal Law ☞1169(2).

■ As her fifteenth ground of error, appellant complains of the overruling of her objection to certain testimony of a police officer on the ground that he was not qualified to answer the question propounded to him. In her brief, the ground on which she contends the court should have sustained her objection is that the question and answer were prejudicial to appellant. Since the specific ground for the objection set forth in her brief was not presented to the trial court for his ruling thereon, no error is presented to this Court. See the cases collated at 12 Tex.Dig., Criminal Law ⚯695(2), requiring specificity in objections.

■ The next ground of error relates to the qualification of the witness Sillivan as a ballistics expert. Mr. Sillivan testified that he was a firearms examiner for the Houston police department, recounted the rudiments of his profession, and stated that he received training through reading text books on the subject, supervision from the head of the identification division of the Houston police department, and instruction from Fred Rymer[2] of the Department of Public Safety. He further testified that he had over three years of experience in the field as well. The qualifications of the witness were amply demonstrated. Appellant's ground of error #16 is accordingly overruled.

Appellant's seventeenth ground of error is that the court erred in not excluding the pistol identified as the murder weapon from evidence on the ground that it was the fruit of an illegal search. Our statement of the facts earlier in this opinion disposes of this question.

Appellant's eighteenth ground of error is that the court overruled the motion for an instructed verdict made after the State rested. Such motion was predicated on a failure to show malice. Bell v. State, supra, is dispositive of this contention.

■ The next three grounds of error relate to questions propounded to appellant by the prosecutor on cross-examination all of which related to appellant's admitted acts of prostitution which appellant contends were extraneous offenses and not admissible. Parks v. State, Tex.Cr.App., 437 S.W.2d 554, and Hafti v. State, Tex.Cr. App., 416 S.W.2d 824, are cited as authority in support of appellant's position. In both these cases, appellants did not testify, as did this appellant. Having testified on direct examination that she was a prostitute, and having gone into matters in detail in an effort to show an unnatural relationship between herself and her deceased husband, appellant cannot complain of the State's inquiries directed to the same matters. Grounds of error #19, 20 and 21 are overruled.

■ Her twenty-second ground of error complains of two questions propounded to appellant by the prosecutor. Objections thereto were sustained and no further relief was requested. No error was committed. Morris v. State, Tex.Cr.App., 432 S. W.2d 920; Hughes v. State, Tex.Cr.App., 433 S.W.2d 698; Burks v. State, Tex.Cr. App., 432 S.W.2d 925.

■ The twenty-third ground of error relates to a side bar remark of the prosecutor. Objection was made to the same, but the court never ruled on it. An accused must get a ruling by the court on all objections in order to preserve any error. Lawhon v. State, Tex.Cr.App., 429 S.W.2d 147.

■ Error is predicated upon the admission of appellant's telephone conversation with the witness Mayfield some 14 hours prior to the shooting. The substance of the conversation was, as contended by the State, admissible to show appellant's frame of mind toward her husband and the "other woman". With such contention we agree. 20 Tex.Dig., Homicide, ⚯156(1).

2. We passed upon Mr. Rymer's qualifications as an expert in Craig v. State, 171 Tex.Cr.R. 256, 347 S.W.2d 255.

**722**

Appellant's reliance upon Chatterfield v. State, Tex.Cr.App., 436 S.W.2d 146, is misplaced because Chatterfield was not a murder case where evidence of appellant's attitude toward deceased shortly before the murder occurred would be relevant in establishing malice. Ground of error #24 is accordingly overruled.

 Appellant's twenty-fifth ground of error is that "the Honorable Trial Court committed reversible error in overruling the Defendant's objections to the charge of the Court to the jury, in that Defendant's objections to said charge clearly set forth the grounds for the law of this case and said objections of the Defendant to the charge should have been included in the Court's charge to the jury." Art. 40.09, V.A.C.C.P., states, in part, as follows:

"(Defendant's) brief shall set forth separately each ground of error of which defendant desires to complain on appeal and may set forth such arguments as he deems appropriate. Each ground of error shall briefly refer to *that part* of the ruling of the trial court, charge given to the jury, or charge refused, admission or rejection of evidence or other proceedings which are designated to be complained of in such way as that *the point of the objection can be clearly identified and understood by the court.* (Emphasis supplied).

While such assignment of error in the brief does not comply with Art. 40.09, supra, we have examined the charge of the court and appellant's objections thereto and have determined that the charge was in all things proper. Fennell v. State, Tex.Cr.App., 424 S.W.2d 631 (abstract charge on self-defense), Fisher v. State, Tex.Cr.App., 379 S.W.2d 900 and Blake v. State, Tex.Cr.App., 379 S.W.2d 899 (failure to charge on voluntary nature of confession), upon which appellant relies have no application to the case at bar.

The twenty-sixth ground of error is that the court erred in overruling appellant's motion and amended motion for new trial which raised the same grounds as are in appellant's brief in this court and show no error.

Grounds of error #27 and #28 relate to questions propounded to various witnesses by the prosecutor and attempts by the State to introduce certain evidence. We have examined the record with respect to each complained-of act and find no error. In most instances objections were made and promptly sustained, and no further relief was requested. See the authorities cited in the discussion of ground of error #22. The remaining contentions center on leading questions propounded by the prosecutor. No prejudice resulted to appellant from the asking of such leading questions.

Finding no reversible error appearing, the judgment is affirmed.