**Opinion filed April 22, 2010**



In The

# Eleventh Court of Appeals

———

### No. 11-08-00137-CR

———

## LYNN SHERRILL HECKEL A/K/A LENN SHERRILL HECKEL

## V.

## STATE OF TEXAS

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 13626**

## M E M O R A N D U M   O P I N I O N

The jury convicted Lynn Sherrill Heckel a/k/a Lenn Sherrill Heckel of possession of methamphetamine of less than one gram, sentenced her to twenty months confinement in a state jail facility, and fined her $5,000. We affirm.

### I. *Background Facts*

After observing and following a slow moving vehicle on Highway 337, DPS Sergeant Douglas Hart became suspicious that the driver was either drunk or lost. Heckel, the owner and driver of the vehicle, stopped her car on a small county road and motioned for Sergeant Hart to

approach. Heckel informed Sergeant Hart that she was lost and needed directions. Heckel seemed unusually nervous.

Sergeant Hart asked Heckel to get out of the vehicle because continuing a conversation on the narrow county road posed a safety risk. While Heckel removed herself, Sergeant Hart noticed a beer top in the vehicle and thought she might be intoxicated. Trooper Gregory Hank Beverage was accompanying Sergeant Hart. He asked Heckel for her driver's license. She responded that she did not have it with her. Instead, she provided a false name and stalled in giving a date of birth. Eventually, she gave her correct social security number, which informed the officers that Heckel had lied about her name. Sergeant Hart requested permission to search the vehicle, and Heckel consented. While Sergeant Hart searched the vehicle, Trooper Beverage placed Heckel under arrest for failure to identify and for having traffic tickets in warrant status.

Sergeant Hart found a clear plastic bag inside the coin purse attached to the car keys. The plastic bag contained a white powder residue. This tested positive for methamphetamine. Trooper Beverage also found drug paraphernalia that was not introduced into evidence: a "scrape bag" and a hollowed-out Bic pen that had lipstick on one end.

## II. *Issues*

Heckel presents two issues challenging her conviction. She argues that the evidence at trial is factually and legally insufficient to support her conviction and that the trial court erred by not conducting a pretrial hearing on her motion to suppress evidence.

## III. *Legal & Factual Sufficiency*

Although the police seized the methamphetamine from Heckel's vehicle, she claims that the evidence at trial was legally and factually insufficient because the State did not prove that she knowingly or intentionally possessed the contraband. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we must review all the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight

and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

A person commits a state jail felony when she knowingly or intentionally possesses less than one gram of methamphetamine. TEX. HEALTH & SAFETY CODE ANN. §§ 481.102, 481.115(a), (b) (Vernon Supp. 2009). Possession is statutorily defined as having actual care, custody, control, or management of the drug. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon Supp. 2009). A person intentionally possesses contraband when it is her conscious objective or desire to do so and knowingly possesses when she is aware that she has contraband. TEX. PENAL CODE ANN. § 6.03(a), (b) (Vernon 2003).

When an accused does not exclusively possess the place where the contraband is found, independent facts and circumstances must link an accused to the contraband. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). Heckel was the sole occupant of her car when stopped, but she contended at trial that a friend borrowed her car and left the contraband behind.[1] This does not contradict exclusive possession of the car. Moreover, Heckel never provided any dates of when this friend borrowed her car, and she did not give any reason why she thought the friend would be in possession of drugs or why the friend would leave them in her car. Nor did Heckel explain why the other drug paraphernalia was in her car. The jury was free to reject this explanation and to conclude that she had exclusive possession of the vehicle.

But even if we assume that Heckel did not have exclusive possession, the evidence sufficiently links her to the methamphetamine. Circumstances frequently used to link a defendant to contraband are: (1) the defendant's presence where the substance was found; (2) the contraband was in plain view; (3) the contraband was found in proximity to and was accessible to the defendant; (4) the defendant was under the influence of the drugs; (5) the defendant possessed other contraband; (6) the defendant made incriminating statements; (7) an attempt by the defendant to flee; (8) the defendant made furtive gestures; (9) there was an odor of contraband present; (10) the defendant owned or had a right of possession to the place where contraband was found; (11) the drugs were

---

[1]Heckel's brief contains evidence in support of this contention. That evidence is not part of the record and, therefore, is not properly before us. *See Gabriel v. State*, 973 S.W.2d 715, 719 (Tex. App.—Waco 1998, no pet.) (letter attached to appellate brief is not part of the record).

found in an enclosed space; and (12) the defendant had a large amount of cash. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). Heckel was the sole occupant of the vehicle. The officers noticed Heckel was acting extremely nervous, and she falsely identified herself. The methamphetamine was found in a coin purse connected to Heckel's key chain. Other drug paraphernalia was found in her purse and in the car.

The evidence is legally sufficient because, under a review in the light most favorable to the verdict, a rational jury could find beyond a reasonable doubt that Heckel knowingly or intentionally possessed methamphetamine in the amount of less than one gram. Under a neutral review, the evidence is factually sufficient because it is not so weak to render the jury's verdict clearly wrong and manifestly unjust or against the great weight and preponderance of the conflicting evidence. Heckel's first issue is overruled.

IV. *Motion to Suppress Evidence*

Heckel asserts that the trial court erred by not granting a hearing on her motion to suppress evidence seized by the police officers. Heckel acknowledges that the trial court is not required to conduct pretrial hearings and that it has the discretion to determine the merits of a motion at the time when the subject matter first arises during trial. TEX. CODE CRIM. PROC. ANN. art. 28.01 (Vernon 2006); *Bell v. State*, 442 S.W.2d 716, 719 (Tex. Crim. App. 1969). Heckel maintains that we should find error in light of *Lindley v. State*, 736 S.W.2d 267 (Tex. App.—Fort Worth 1987, pet. ref'd, untimely filed). However, the facts in *Lindley* are not analogous to the facts at hand.

In *Lindley*, the trial court heard an amended motion to quash for the first time after trial had already started. Consequently, jeopardy had already attached. *Lindley*, 736 S.W.2d at 274. The Fort Worth court did not find fault with delaying pretrial motions until witnesses are present for trial, but it did criticize deferring them until after the start of trial because of the potential prejudice. *Id*. In that instance, if the trial court had granted the motion to quash, the State would have been unable to amend because jeopardy had attached. But the trial court's decision to not hold a pretrial hearing on Heckel's motion to suppress did not have the same prejudicial effect on her.

A motion to suppress is nothing more than a specialized objection to the admissibility of evidence. *Mayfield v. State*, 800 S.W.2d 932, 935 (Tex. App.—San Antonio 1990, no pet.). Heckel argues that she was prejudiced because she did not have a reasonable opportunity to object to the

4

admissibility of evidence until after the police officers and experts had given their testimony. We disagree. Heckel was able to object at the first reference to any search of her vehicle or to any statements made by her at the scene. She also had the ability to request a hearing outside the presence of the jury. The only objection Heckel raised at trial concerning the evidence was that the State did not lay the proper predicate. Because that objection is different from the issues raised in her motion to suppress, Heckel failed to preserve her issue. Heckel's second issue is overruled.

V. <em>Conclusion</em>

We affirm the trial court's judgment.

RICK STRANGE

JUSTICE

April 22, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.