Opinion filed April 22,
2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                           No. 11-08-00137-CR

                                                    __________

 

          LYNN SHERRILL HECKEL A/K/A LENN SHERRILL HECKEL

 

                                                             V.

 

                               
STATE OF TEXAS

                                                              

 



 

                                          On
Appeal from the 29th District Court

 

                                                      Palo
Pinto County, Texas

 

                                                    Trial
Court Cause No. 13626

 



 

                                            M
E M O R A N D U M   O P I N I O N

The jury convicted Lynn Sherrill Heckel
a/k/a Lenn Sherrill Heckel of possession of methamphetamine of less than one gram,
sentenced her to twenty months confinement in a state jail facility, and fined
her $5,000.  We affirm.

I.  Background
Facts








After observing and following a slow moving
vehicle on Highway 337, DPS Sergeant Douglas Hart became suspicious that the
driver was either drunk or lost.  Heckel, the owner and driver of the vehicle,
stopped her car on a small county road and motioned for Sergeant Hart to
approach.  Heckel informed Sergeant Hart that she was lost and needed
directions.  Heckel seemed unusually nervous.

Sergeant Hart asked Heckel to get out of the
vehicle because continuing a conversation on the narrow county road posed a
safety risk.  While Heckel removed herself, Sergeant Hart noticed a beer top in
the vehicle and thought she might be intoxicated.  Trooper Gregory Hank
Beverage was accompanying Sergeant Hart.  He asked Heckel for her driver=s license.  She responded
that she did not have it with her.  Instead, she provided a false name and
stalled in giving a date of birth.  Eventually, she gave her correct social
security number, which informed the officers that Heckel had lied about her
name.  Sergeant Hart requested permission to search the vehicle, and Heckel
consented.  While Sergeant Hart searched the vehicle, Trooper Beverage placed
Heckel under arrest for failure to identify and for having traffic tickets in
warrant status.

Sergeant Hart found a clear plastic bag
inside the coin purse attached to the car keys.  The plastic bag contained a
white powder residue.  This tested positive for methamphetamine. 
Trooper Beverage also found drug paraphernalia that was not introduced
into evidence:  a Ascrape
bag@ and a
hollowed-out Bic pen that had lipstick on one end.

II. 
Issues

Heckel presents two issues challenging her
conviction.  She argues that the evidence at trial is factually and legally
insufficient to support her conviction and that the trial court erred by not
conducting a pretrial hearing on her motion to suppress evidence.

III. 
Legal & Factual Sufficiency








Although the police seized the
methamphetamine from Heckel=s
vehicle, she claims that the evidence at trial was legally and factually
insufficient because the State did not prove that she knowingly or
intentionally possessed the contraband.  To determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d
664 (Tex. Crim. App. 2000).  To determine if the evidence is factually
sufficient, we must review all the evidence in a neutral light and determine
whether the evidence supporting the verdict is so weak that the verdict is
clearly wrong and manifestly unjust or whether the verdict is against the great
weight and preponderance of the conflicting evidence.  Watson v. State,
204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

A person commits a state jail felony when
she knowingly or intentionally possesses less than one gram of
methamphetamine.  Tex. Health & Safety Code Ann.
'' 481.102,
481.115(a), (b) (Vernon Supp. 2009).  Possession is statutorily defined as
having actual care, custody, control, or management of the drug.  Tex. Health
& Safety Code Ann. '
481.002(38) (Vernon Supp. 2009).  A person intentionally possesses contraband
when it is her conscious objective or desire to do so and knowingly possesses
when she is aware that she has contraband.  Tex.
Penal Code Ann. ' 6.03(a),
(b) (Vernon 2003).

When an accused does not exclusively possess
the place where the contraband is found, independent facts and circumstances
must link an accused to the contraband.  Poindexter v. State, 153 S.W.3d
402, 406 (Tex. Crim. App. 2005).  Heckel was the sole occupant of her car when
stopped, but she contended at trial that a friend borrowed her car and left the
contraband behind.[1]  This does
not contradict exclusive possession of the car.  Moreover, Heckel never
provided any dates of when this friend borrowed her car, and she did not give
any reason why she thought the friend would be in possession of drugs or why
the friend would leave them in her car.  Nor did Heckel explain why the other
drug paraphernalia was in her car.  The jury was free to reject this
explanation and to conclude that she had exclusive possession of the vehicle.








But even if we assume that Heckel did not
have exclusive possession, the evidence sufficiently links her to the
methamphetamine.  Circumstances frequently used to link a defendant to
contraband are:  (1) the defendant=s
presence where the substance was found; (2) the contraband was in plain view;
(3) the contraband was found in proximity to and was accessible to the
defendant; (4) the defendant was under the influence of the drugs; (5) the defendant
possessed other contraband; (6) the defendant made incriminating statements;
(7) an attempt by the defendant to flee; (8) the defendant made furtive
gestures; (9) there was an odor of contraband present; (10) the defendant owned
or had a right of possession to the place where contraband was found; (11) the
drugs were found in an enclosed space; and (12) the defendant had a large
amount of cash.  Evans v. State, 202 S.W.3d 158, 162 (Tex. Crim. App.
2006). Heckel was the sole occupant of the vehicle.  The officers noticed
Heckel was acting extremely nervous, and she falsely identified herself.  The
methamphetamine was found in a coin purse connected to Heckel=s key chain.  Other drug
paraphernalia was found in her purse and in the car.

The evidence is legally sufficient because,
under a review in the light most favorable to the verdict, a rational jury
could find beyond a reasonable doubt that Heckel knowingly or intentionally
possessed methamphetamine in the amount of less than one gram. Under a neutral
review, the evidence is factually sufficient because it is not so weak to
render the jury=s
verdict clearly wrong and manifestly unjust or against the great weight and
preponderance of the conflicting evidence. Heckel=s
first issue is overruled.    

IV. 
Motion to Suppress Evidence

Heckel asserts that the trial court erred by
not granting a hearing on her motion to suppress evidence seized by the police
officers.  Heckel acknowledges that the trial court is not required to conduct
pretrial hearings and that it has the discretion to determine the merits of a
motion at the time when the subject matter first arises during trial.  Tex. Code
Crim. Proc. Ann. art. 28.01 (Vernon 2006); Bell v. State, 442
S.W.2d 716, 719 (Tex. Crim. App. 1969).  Heckel maintains that we should find
error in light of Lindley v. State, 736 S.W.2d 267 (Tex. App.CFort Worth 1987, pet. ref=d, untimely filed). 
However, the facts in Lindley are not analogous to the facts at hand.

In Lindley, the trial court heard an
amended motion to quash for the first time after trial had already started. 
Consequently, jeopardy had already attached.  Lindley, 736 S.W.2d at
274.  The Fort Worth court did not find fault with delaying pretrial
motions until witnesses are present for trial, but it did criticize deferring
them until after the start of trial because of the potential prejudice.  Id. 
In that instance, if the trial court had granted the motion to quash, the State
would have been unable to amend because jeopardy had attached.  But the trial
court=s decision to
not hold a pretrial hearing on Heckel=s
motion to suppress did not have the same prejudicial effect on her.








A motion to suppress is nothing more than a
specialized objection to the admissibility of evidence.  Mayfield v. State,
800 S.W.2d 932, 935 (Tex. App.CSan
Antonio 1990, no pet.).  Heckel argues that she was prejudiced because she did
not have a reasonable opportunity to object to the admissibility of evidence
until after the police officers and experts had given their testimony.  We
disagree.  Heckel was able to object at the first reference to any search of
her vehicle or to any statements made by her at the scene.  She also had the
ability to request a hearing outside the presence of the jury.  The only
objection Heckel raised at trial concerning the evidence was that the State did
not lay the proper predicate.  Because that objection is different from the
issues raised in her motion to suppress, Heckel failed to preserve her issue. 
Heckel=s second issue
is overruled.

V. 
Conclusion

We affirm the trial court=s judgment.

 

RICK STRANGE

JUSTICE

 

April 22, 2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Heckel=s brief contains
evidence in support of this contention.  That evidence is not part of the
record and, therefore, is not properly before us.  See Gabriel v. State,
973 S.W.2d 715, 719 (Tex. App.CWaco 1998, no
pet.) (letter attached to appellate brief is not part of the record).