Opinion filed August 9, 2012



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00340-CR

_____

### JIMMIE MISCHELLE WELLS, Appellant

### V.

### STATE OF TEXAS, Appellee

On Appeal from the 29th District Court

Palo Pinto County, Texas

Trial Court Cause No. 14231

## MEMORANDUM OPINION

Jimmie Mischelle Wells, appellant, was found guilty by a jury of possession of methamphetamine in an amount of less than one gram. The jury assessed punishment at two years confinement in the State Jail Division of the Texas Department of Criminal Justice and a $1,500 fine. We affirm.

The trial court heard appellant's motion to suppress during the trial on the merits. Appellant had timely requested the trial court to enter findings of fact and conclusions of law relating to the motion to suppress. Appellant requested this court to abate this appeal and

remand this cause to the trial court to allow it to make findings of fact and conclusions of law. This court granted appellant's request, and the trial court's findings of fact and conclusions of law have now been furnished in a supplemental clerk's record.

Appellant's remaining issue is stated as follows: "Does constitutional due process of law require a trial court, upon timely request, to conduct a hearing prior to a jury trial when the court has previously promised to do so?" Based on the record, we find that the trial court was not required to conduct a hearing on appellant's motion to suppress prior to her jury trial. The question of whether to hold a hearing on a pretrial motion to suppress evidence rested within the discretion of the trial court. *Bell v. State*, 442 S.W.2d 716 (Tex. Crim. App. 1969).

*Background Facts*

Donald Wright, a trooper with the Texas Department of Public Safety, testified that, on June 1, 2009, he was on patrol on Interstate 20 when he observed a black Chevrolet car going 83 miles an hour in a 70-mile-an-hour zone. After stopping the car, he spoke with the driver, Carrie Myers, and also noticed appellant in the passenger seat and Monica Kay Lassiter in the backseat. Trooper Wright testified that Myers gave him consent to search the vehicle. He next spoke with appellant, who told him that the car belonged to her father. According to Trooper Wright, appellant also said he could search the car. When Trooper Wright had appellant step out of the car, he noticed that she had been sitting on a small black zipper bag.

Trooper Wright testified that the small black bag contained a syringe and three small baggies containing a clear, crystallized substance. He also found a set of digital scales inside a tin container in the car. Trooper Wright then arrested appellant.

William Chandley, the State's expert, testified that he had analyzed State's Exhibit Nos. 3, 4, 5, 6, and 7 and determined that all of these exhibits contained methamphetamine. Chandley calculated that the substance in these exhibits weighed a total of 0.49 grams. The State rested.

The jury was excused, and the defense called appellant to testify in support of her motion to suppress evidence. She claimed that she had not given Trooper Wright permission to search her father's car. She admitted that she was high on methamphetamine at the time, but claimed that she remembered the incident. The defense also called Lassiter, who testified that she remembered Trooper Wright asking to search the car and appellant saying that she would have to call her dad first. Lassiter also testified that the small black bag belonged to Myers and that

2

appellant did not know what the bag contained. On cross-examination, Lassiter admitted several prior felony convictions for forgery and a felony conviction for possession of a controlled substance. The trial court denied appellant's motion to suppress evidence.

The jury returned, heard final arguments, found appellant guilty of possession of methamphetamine in an amount of less than one gram, and assessed punishment.

*Analysis*

Appellant's argument is that the trial court was required to hold a pretrial hearing on her motion to suppress. Had the court held a hearing, appellant's strategy was (1) if the motion was granted, the case would have ended or (2) if the motion was denied, appellant would enter an agreement with the State to plead guilty, receive some punishment less than the maximum two years confinement, and then appeal the court's denial of her motion. Appellant's trial counsel, however, never articulated the reason for desiring a pretrial hearing on the motion, nor did he take steps to have the pretrial hearing. There is nothing in the record on a proposed plea agreement that apparently was reached after the trial court's deadlines; therefore, this court does not know whether such an agreement would have meant a lesser punishment.

The premise of appellant's argument is that the trial court "promised" to hold a pretrial hearing on her motion to suppress. This is a misinterpretation of the trial court's statements to appellant.

Appellant's initial counsel, David Wimberley, filed a motion on January 20, 2010, to suppress all evidence seized as a result of any search of appellant or the car or of any area in which appellant had a legitimate expectation of privacy. There was no requested date for a hearing in the motion. The trial court held a pretrial hearing on January 29, 2010. After receiving appellant's not guilty plea and ruling on several motions, the court noted that the motion to suppress would be evidentiary in nature and stated that it would not conduct a suppression hearing at that time. The trial court then set forth its requirements for hearing the motion before trial instead of hearing it at the time of trial:

> If there is a justification for conducting that hearing prior to trial, in the sense that it would be dispositive one way or the other, for example, if the motion were granted and the State would not have a case, or it was denied and there was a plea with a preservation with the right to appeal the adverse ruling, that -- in that context, with the judicial economy that results from it, I would set that hearing before trial.

3

Wimberley told the court that, after reviewing the discovery items he was receiving that day, he would advise the court if he wanted a pretrial evidentiary hearing. The trial court concluded the January 29 hearing by reminding the attorneys that, "if there does need to be an evidentiary hearing, even if it can't be scheduled before the 12th [of February], make contact with the coordinator and get it scheduled before the 12th."

A motion was filed on February 22, 2010, to substitute Gary D. Peak for David Wimberley as counsel for appellant. The trial court granted the motion on February 23. There is no evidence in the record that Wimberley ever requested a hearing on the motion to suppress. The record reflects that no request for a hearing was made by Peak until May 20, 2010, when he filed a "Request to Consider Motion to Suppress After Pretrial and Late Plea Negotiations." In the motion, counsel stated that the discovery provided by Wimberley had not included a video of the stop and that he had sent a letter on April 6 requesting the video; however, it was not received until late April or early May. After counsel and appellant viewed the video, counsel determined that there was a consent issue. Counsel then sent a plea negotiation letter to the State; however, the State advised that it was past the time limit for a plea agreement.

Also on May 20, 2010, counsel filed another motion to suppress. The motion did not request a date for a hearing. The record does not reflect that counsel made any request to the court coordinator to set a hearing on the motion to suppress between February 24, 2010, and July 20, 2010, the next pretrial hearing date.

At the July 20, 2010, hearing, the trial court reminded appellant that, at the January 29 pretrial hearing, the court had ordered the parties to pretrial conference and to advise the court or the coordinator by February 12 of the results. If there was no plea agreement by February 12, the court had said that the matter would be moved to the trial docket. Because there was no timely plea agreement, the case had been placed on the trial docket. The court noted that the attorneys had advised it that a plea agreement had been reached; however, the court stated that it would not approve any plea agreement this far past the deadlines. Trial was held on October 5, 2010.

Article 28.01 of the Texas Code of Criminal Procedure authorizes the trial court to set any criminal case for a pretrial hearing before it is set for trial on the merits. TEX. CODE CRIM. PROC. ANN. art. 28.01 (West 2006). The article is not mandatory; it is directed to the court's discretion. *Calloway v. State*, 743 S.W.2d 645, 649 (Tex. Crim. App. 1988); *Cantu v. State*, 546 S.W.2d 621 (Tex. Crim. App. 1977). The trial court has discretion either to address and resolve

pretrial a motion to suppress or, instead, to carry the motion with the case and address the merits when the matter is brought up before the court at trial. *Bell*, 442 S.W.2d at 719.

Appellant's first counsel failed to follow the trial court's order to have a pretrial conference and notify the court coordinator of the results by February 12. Even though new counsel was substituted in February, appellant's second counsel took no action to initiate plea negotiations until May. The record reflects that no request for a pretrial hearing on the motion to suppress was made until the day of trial in October. Appellant's issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

August 9, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.