Opinion filed August 9,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00340-CR 

                                                    __________

 

                          JIMMIE
MISCHELLE WELLS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 29th District Court

 

                                                         Palo
Pinto County, Texas

 

                                                      Trial
Court Cause No. 14231

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Jimmie
Mischelle Wells, appellant, was found guilty by a jury of possession of
methamphetamine in an amount of less than one gram.  The jury assessed
punishment at two years confinement in the State Jail Division of the Texas
Department of Criminal Justice and a $1,500 fine.  We affirm.

            The
trial court heard appellant’s motion to suppress during the trial on the
merits.  Appellant had timely requested the trial court to enter findings of
fact and conclusions of law relating to the motion to suppress.  Appellant
requested this court to abate this appeal and remand this cause to the trial
court to allow it to make findings of fact and conclusions of law.  This court
granted appellant’s request, and the trial court’s findings of fact and
conclusions of law have now been furnished in a supplemental clerk’s record.

            Appellant’s
remaining issue is stated as follows: “Does constitutional due process of law
require a trial court, upon timely request, to conduct a hearing prior to a
jury trial when the court has previously promised to do so?”  Based on the
record, we find that the trial court was not required to conduct a hearing on
appellant’s motion to suppress prior to her jury trial.  The question of
whether to hold a hearing on a pretrial motion to suppress evidence rested
within the discretion of the trial court.  Bell v. State, 442 S.W.2d 716
(Tex. Crim. App. 1969).

Background
Facts

            Donald
Wright, a trooper with the Texas Department of Public Safety, testified that,
on June 1, 2009, he was on patrol on Interstate 20 when he observed a black
Chevrolet car going 83 miles an hour in a 70-mile-an-hour zone.  After stopping
the car, he spoke with the driver, Carrie Myers, and also noticed appellant in
the passenger seat and Monica Kay Lassiter in the backseat. Trooper Wright
testified that Myers gave him consent to search the vehicle.  He next spoke
with appellant, who told him that the car belonged to her father.  According to
Trooper Wright, appellant also said he could search the car.  When Trooper
Wright had appellant step out of the car, he noticed that she had been sitting
on a small black zipper bag.

            Trooper
Wright testified that the small black bag contained a syringe and three small
baggies containing a clear, crystallized substance.  He also found a set of
digital scales inside a tin container in the car.  Trooper Wright then arrested
appellant.

            William
Chandley, the State’s expert, testified that he had analyzed State’s Exhibit Nos. 3,
4, 5, 6, and 7 and determined that all of these exhibits contained
methamphetamine.  Chandley calculated that the substance in these exhibits
weighed a total of 0.49 grams.  The State rested.

            The
jury was excused, and the defense called appellant to testify in support of her
motion to suppress evidence.  She claimed that she had not given Trooper Wright
permission to search her father’s car.  She admitted that she was high on
methamphetamine at the time, but claimed that she remembered the incident.  The
defense also called Lassiter, who testified that she remembered Trooper Wright
asking to search the car and appellant saying that she would have to call her
dad first.  Lassiter also testified that the small black bag belonged to Myers
and that appellant did not know what the bag contained.  On cross-examination,
Lassiter admitted several prior felony convictions for forgery and a felony
conviction for possession of a controlled substance.  The trial court denied
appellant’s motion to suppress evidence.

            The
jury returned, heard final arguments, found appellant guilty of possession of
methamphetamine in an amount of less than one gram, and assessed punishment.

Analysis

            Appellant’s
argument is that the trial court was required to hold a pretrial hearing on her
motion to suppress.  Had the court held a hearing, appellant’s strategy was (1)
if the motion was granted, the case would have ended or (2) if the motion was
denied, appellant would enter an agreement with the State to plead guilty,
receive some punishment less than the maximum two years confinement, and then
appeal the court’s denial of her motion.  Appellant’s trial counsel, however,
never articulated the reason for desiring a pretrial hearing on the motion, nor
did he take steps to have the pretrial hearing.  There is nothing in the record
on a proposed plea agreement that apparently was reached after the trial
court’s deadlines; therefore, this court does not know whether such an
agreement would have meant a lesser punishment.  

            The
premise of appellant’s argument is that the trial court “promised” to hold a
pretrial hearing on her motion to suppress.  This is a misinterpretation of the
trial court’s statements to appellant. 

            Appellant’s
initial counsel, David Wimberley, filed a motion on January 20, 2010, to
suppress all evidence seized as a result of any search of appellant or the car
or of any area in which appellant had a legitimate expectation of privacy.  There
was no requested date for a hearing in the motion.  The trial court held a
pretrial hearing on January 29, 2010.  After receiving appellant’s not guilty
plea and ruling on several motions, the court noted that the motion to suppress
would be evidentiary in nature and stated that it would not conduct a sup-pression
hearing at that time.  The trial court then set forth its requirements for
hearing the motion before trial instead of hearing it at the time of trial:

If
there is a justification for conducting that hearing prior to trial, in the
sense that it would be dispositive one way or the other, for example, if the
motion were granted and the State would not have a case, or it was denied and
there was a plea with a preservation with the right to appeal the adverse
ruling, that -- in that context, with the judicial economy that results from
it, I would set that hearing before trial.

 

Wimberley told
the court that, after reviewing the discovery items he was receiving that day,
he would advise the court if he wanted a pretrial evidentiary hearing.  The
trial court concluded the January 29 hearing by reminding the attorneys that, “if
there does need to be an evidentiary hearing, even if it can’t be scheduled
before the 12th [of February], make contact with the coordinator and get it
scheduled before the 12th.”

            A
motion was filed on February 22, 2010, to substitute Gary D. Peak for David
Wimberley as counsel for appellant.  The trial court granted the motion on
February 23.  There is no evidence in the record that Wimberley ever requested
a hearing on the motion to suppress.  The record reflects that no request for a
hearing was made by Peak until May 20, 2010, when he filed a “Request to
Consider Motion to Suppress After Pretrial and Late Plea Negotiations.”  In the
motion, counsel stated that the discovery provided by Wimberley had not
included a video of the stop and that he had sent a letter on April 6
requesting the video; however, it was not received until late April or early
May.  After counsel and appellant viewed the video, counsel determined that
there was a consent issue.  Counsel then sent a plea negotiation letter to the
State; however, the State advised that it was past the time limit for a plea
agreement.

            Also
on May 20, 2010, counsel filed another motion to suppress.  The motion did not
request a date for a hearing.  The record does not reflect that counsel made
any request to the court coordinator to set a hearing on the motion to suppress
between February 24, 2010, and July 20, 2010, the next pretrial hearing
date.

            At
the July 20, 2010, hearing, the trial court reminded appellant that, at the
January 29 pretrial hearing, the court had ordered the parties to pretrial
conference and to advise the court or the coordinator by February 12 of the
results.  If there was no plea agreement by February 12, the court had said
that the matter would be moved to the trial docket.  Because there was no
timely plea agreement, the case had been placed on the trial docket.  The court
noted that the attorneys had advised it that a plea agreement had been reached;
however, the court stated that it would not approve any plea agreement this far
past the deadlines.  Trial was held on October 5, 2010.

            Article
28.01 of the Texas Code of Criminal Procedure authorizes the trial court to set
any criminal case for a pretrial hearing before it is set for trial on the
merits.  Tex. Code Crim. Proc. Ann.
art. 28.01 (West 2006).  The article is not mandatory; it is directed to the
court’s discretion.  Calloway v. State, 743 S.W.2d 645, 649 (Tex. Crim.
App. 1988); Cantu v. State, 546 S.W.2d 621 (Tex. Crim. App. 1977).  The
trial court has discretion either to address and resolve pretrial a motion to
suppress or, instead, to carry the motion with the case and address the merits
when the matter is brought up before the court at trial.  Bell, 442
S.W.2d at 719.

            Appellant’s
first counsel failed to follow the trial court’s order to have a pretrial
conference and notify the court coordinator of the results by February 12.  Even
though new counsel was substituted in February, appellant’s second counsel took
no action to initiate plea negotiations until May.  The record reflects that no
request for a pretrial hearing on the motion to suppress was made until the day
of trial in October.         Appellant’s issue is overruled.

This
Court’s Ruling

            The
judgment of the trial court is affirmed.

 

                                                                                    

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

August 9, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.